## Wolff v. Kreiger, Sheriff.

(No. 35386—Decided May 6, 1976.)

*Mr. Paul Mancino, Jr.,* for petitioner.
*Mr. John T. Corrigan,* for respondent.

KRENZLER, J. On October 8, 1975 the petitioner, Donald Wolff, filed this original action in habeas corpus in this court against the respondent, Ralph Krieger, the Sheriff of Cuyahoga County. The petitioner alleged that he was being illegally detained by the respondent and that he had no adequate remedy in the ordinary course of law against said detention.

An order allowing the writ of habeas corpus was is-

sued on October 8, 1975. The respondent was ordered to bring the petitioner before this court for inquiry into his detention. Subsequently, this court appointed a master commissioner to take testimony of witnesses and also released the petitioner on bond pending the determination of the issues in this case. The master commissioner took evidence on October 27, 1975, and filed a transcript of the evidence on October 30, 1975.

A brief summary of the evidence is as follows:

On December 18, 1973, the Court of Common Pleas of Cuyahoga County granted Marcia G. Wolff a divorce from the petitioner. The court awarded Mrs. Wolff custody of the couple's two minor children and ordered the petitioner to pay $200 per month for their support, together with all necessary medical and dental expenses, commencing January 1, 1974.

On March 5, 1974, Mrs. Wolff filed a motion to show cause with the Court of Common Pleas in which she alleged that the petitioner had not made any of the previously ordered child support payments. On May 14, 1974, after a hearing on the motion, the court found the petitioner in arrears on the child support order and ordered him to pay the arrearage in full by June 2, 1974.

On July 2, 1974, Mrs. Wolff filed an affidavit with the court in which she stated that the petitioner had not complied with the prior orders of the court in regard to payment of child support. She also requested that a capias issue for the petitioner because of such non-compliance.

On October 18, 1974, the Common Pleas Court ordered a capias to issue for the arrest of the petitioner. On October 6, 1975, approximately one year later, the petitioner was arrested pursuant to the capias and conveyed to the Cuyahoga County Jail.

The next day, on October 7, 1975, the petitioner was brought before a referee of the Common Pleas Court, Domestic Relations Division, for a hearing to determine whether the petitioner should be held in contempt of court for failure to obey the court's prior child support orders. The petitioner appeared at the hearing but refused to di-

vulge his residence address to the referee. The record reflects that the petitioner had not made child support payments pursuant to the prior court orders. The referee found the petitioner guilty of contempt of court for being in arrears on his child support payments and also for refusing to divulge his address.

After the referee made the foregoing findings, the petitioner was immediately remanded to the custody of the respondent sheriff. The referee then made a written report and recommendation that the Common Pleas Court sentence the petitioner to jail for ten days. It is noted that the referee's report and recommendation was not filed with the clerk and was not approved and journalized by the trial court prior to the incarceration of the petitioner.

The next day, on October 8, 1975, the petitioner filed this action in habeas corpus as noted above. It was not until October 15, 1975, one week after the referee's report and recommendation had been prepared, that the Common Pleas Court filed with the clerk of court a signed journal entry sentencing the petitioner to jail for the recommended ten day period.

In essence, the petitioner is alleging that he is being unlawfully detained because his incarceration was pursuant to the referee's report and recommendation of October 7, 1975, and not pursuant to a journalized court order.

The respondent sheriff contends that this habeas corpus action should be dismissed because the petitioner has an adequate remedy at law by way of appeal from the trial court's October 15, 1975, journal entry finding the petitioner in contempt.

The petitioner's position is well taken, and the respondent's position is not valid.

Under the Ohio Rules of Civil Procedure, the authority of a referee is limited to taking evidence and making a report and recommendation to the court. Civil Rule 53 (C) and (E). This report is filed with the clerk of the court and is effective and binding only when approved and entered as a matter of record by the court. Civil Rule 53(E)(1) and (E)(5). In other words, the referee's au-

thority is limited to conducting a hearing and making a report and recommendation to the court which must be filed with the clerk of courts. Such report is only effective and binding when approved and entered as a matter of record by the court.

Here, the referee did not have authority to find the petitioner in contempt of court and sentence him to the county jail for ten days. His authority was limited to recommending such action to the court. Only the Common Pleas Court has authority to actually find the petitioner in contempt and order him incarcerated for ten days. Incarceration of a person upon the recommendation of a referee prior to a journalized entry of a court is illegal.

As to the issue of whether the petitioner was incarcerated pursuant to the court's journal entry, it is a well recognized principle of law that a court only speaks through its journal. Civil Rule 58 provides that a judgment is effective only when filed with the clerk for journalization. The record clearly demonstrates that the trial court's entry was journalized on October 15, 1975, some eight days after the petitioner was incarcerated.

The petitioner in this case was not incarcerated pursuant to a court's journal entry entered on October 15, 1975, but was incarcerated pursuant to a report and recommendation of a referee made on October 7, 1975. At the time the present petition for habeas corpus was filed, on October 8, 1975, the petitioner was in jail pursuant to the referee's finding of October 7, 1975, and not pursuant to the court's journal entry.

While the petitioner could not be incarcerated pursuant to the referee's report and recommendation of October 7, 1975, he could be incarcerated pursuant to the trial court's order of October 15, 1975. This court therefore finds that the petitioner, Donald Wolff, is illegally restrained of his liberty by the respondent sheriff. Donald Wolff is hereby ordered discharged from the custody of the respondent as prayed for in the petition.

*Writ granted.*

JACKSON, C. J., and DAY, J., concur.