REESE, APPELLEE, *v.* PROPPE, APPELLANT.

(Nos. 41998 and 42248 — Decided July 30, 1981.)

*Mr. John P. Hildebrand,* for appellee.
*Mr. Adrian J. Demer,* for appellant.

KRENZLER, P.J. On March 23, 1979 appellee Carol Ann Reese filed a complaint in the Cuyahoga County Court of Common Pleas against appellant Johanna N. Proppe seeking to recover damages for injuries sustained in an automobile accident allegedly caused by appellant. Appellant answered the complaint on May 2, 1979, denying appellee's allegations. No further pleadings or motions were filed by either party.

By a journal entry dated October 17, 1979 the court set the case for trial the "week of 11-26-79"; a subsequent entry of November 26, 1979 continued the trial to the "week of 1-21-80." No specific trial

date was ever journalized by the trial court.

On December 10, 1979 a letter signed by the common pleas judge was sent to counsel for both parties. This letter reiterated that the case was set for trial the week of January 21, 1980, and stated that all parties were thereby ordered to submit trial memoranda to the court at least seven days prior to the trial date. The letter further stated that "[f]ailure to submit a trial memorandum in accordance with this trial order will result in appropriate sanctions by the Court, including dismissal, default, or referral to arbitration. * * *" No journal entry was made by the court ordering the submission of trial memoranda.

The next proceeding reflected in the record is a hearing held on January 23, 1980 at which the court heard evidence only on the damages sustained by appellee. The transcript of this hearing indicates that neither appellant nor her counsel was present at the hearing.

No hearing was held on appellant's liability to appellee for the damages sustained. The court nonetheless subsequently entered a judgment for appellee in the amount of $75,000. This judgment was denominated a "default judgment" by the court. The judgment entry did not reflect whether it was ordered as a sanction for appellant's failure to submit a trial memorandum or for her failure to appear at trial.

On February 4, 1980 appellant filed with the trial court a "Motion for Reconsideration and to Set Aside Default Judgment due to Mistake and Excusable Neglect" pursuant to Civ. R. 55(B) and 60(B). On February 21, 1980, before her Civ. R. 60(B) motion was ruled upon, appellant filed a notice of appeal to this court of the default judgment rendered January 24, 1980. That appeal is before this court as case No. 41998. Subsequently, the trial court overruled appellant's motion to set aside the default judgment, and this ruling was appealed to this court

as Court of Appeals case No. 42248. Court of Appeals case Nos. 41998 and 42248 have been consolidated upon appeal.

In her consolidated appeal, appellant sets forth three assignments of error for our consideration:

"I. The trial court erred in granting a default judgment against the defendant-appellant.

"II. The conduct of the trial judge as revealed in the record clearly establishes such an abuse of discretion as to constitute reversible error.

"III. The trial court's overruling of the defendant-appellant's motion for reconsideration and to set aside default judgment due to mistake and excusable neglect establishes such an abuse of discretion as to constitute reversible error."

I

Appellant's third assignment of error asserts an abuse of discretion by the trial court in overruling her motion to set aside the default judgment. It is evident, however, that this assignment of error may not be considered by this court on its merits as the court of common pleas was without jurisdiction to rule upon appellant's Civ. R. 60(B) motion.

A trial court does not have jurisdiction to determine a motion for relief from judgment during the pendency of an appeal, and any action then taken upon a Civ. R. 60(B) motion is null and void. *Vavrina* v. *Greczanik* (1974), 40 Ohio App. 2d 129 [69 O.O.2d 146]. When appellant filed her notice of appeal of the January 24, 1980 default judgment on February 21, 1980, the trial court was divested of jurisdiction to rule upon the February 4, 1980 motion to set aside the default judgment. The trial court's purported ruling upon the motion was therefore void. As no appeal lies from a void judgment, Court of Appeals case No. 42248 is hereby dismissed. Appellant's third assignment of error is not well taken.

## II

Appellant's first and second assignments of error argue that the trial court erred and abused its discretion in rendering a default judgment against her, and shall be discussed together.

It is necessary to clarify, at the outset, that the judgment rendered against appellant was not a default judgment, and the provisions of Civ. R. 55 determining the procedure for obtaining default judgments are therefore inapplicable.

Pre-Civil Rule decisions developed the concept of the default judgment as a judgment entered against a defendant who has failed to timely plead in response to the plaintiff's complaint. *McCabe* v. *Tom* (1929), 35 Ohio App. 73. A default by a defendant consequently arises only when the defendant has failed to contest the allegations raised in the complaint and it is thus proper to render a default judgment against the defendant as liability has been admitted or "confessed" by the omission of statements refuting the plaintiff's claims.[1] Any other use of a "default" judgment is conceptually infeasible as the defendant is not in default.

Prior to the adoption of the Civil Rules, this limited applicability of default judgments was also legislatively approved in Ohio: "[J]udgment may be taken, as upon a default, for so much of the demand as is not in issue, * * *" R.C. 2323.10 (repealed in Am. H. B. No. 1201, 133 Ohio Laws, Part III, 3017, 3020, in response to the promulgation of the Civil Rules). See, generally, Note, Default Judgments in Ohio (1961), 12 W. Res. L. Rev. 747.

Current Civ. R. 55(A) also incorporates this long-standing concept that a default judgment is proper when, and only when, a defendant has not contested the plaintiff's allegations by pleading or "otherwise defend[ing]" such that no issues are present in the case. Civ. R. 55(A) provides that a default judgment may be rendered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules * * *." Significantly, the Staff Note to Civ. R. 55 cites with approval a case in which the recognition of the default judgment's applicability *only* as a means of disposing of noncontested cases was crucial. In *Coulas* v. *Smith* (1964), 96 Ariz. 325, 395 P.2d 527, the Arizona Supreme Court was faced with the issue of whether a judgment entered against a defendant when he failed to appear at trial was a "default judgment" within the meaning of Arizona's Civil Rule 55(a)[2] such that the rule's notice provisions applied. Sitting *en banc,* the Arizona court held that the judgment could not be a default judgment since the case was at issue, the defendant having filed an answer and counterclaim. *Id.,* 96 Ariz., at 328, 395 P.2d, at 529. The incorporation of the common law limited applicability of default judgments into the Federal Rules of Civil Procedure was also recognized in *Bass* v. *Hoagland* (C.A. 5, 1949), 172 F.2d 205, certiorari denied (1949), 338 U.S. 816, in which, in interpreting Fed. R. Civ. P. 55(a), after which Ohio Civ. R. 55(A) is worded,[3] the court held:

"* * * When [defendant] filed a denial

---

[1] See Civ. R. 8(D): "Averments in a pleading to which a responsive pleading is required * * * are admitted when not denied in the responsive pleading.* * *"

[2] The Arizona rule uses the identical "fail[ure] to plead or otherwise defend" language as Ohio Civ. R. 55(A). Ariz. Civ. R. 55(a).

[3] Ohio courts will readily utilize federal judicial applications of the Federal Rules of Civil Procedure as a guide for interpreting the Ohio rules when there is no Ohio case on point and the Ohio rule is substantially identical to the federal rule upon which it is patterned. See, *e.g., Southgate Development Corp.* v. *Columbia Gas Transmission Corp.* (1976), 48 Ohio St. 2d

of the plaintiff's case neither the clerk nor the judge could enter a default against him. * * * When [defendant did not appear] at the trial, no default was generated; *the case was not confessed. * * *"* 172 F.2d at 210. (Emphasis added.)

In the instant case, therefore, when appellant answered the complaint of appellee, no default judgment could be entered against her.

We note further that appellant failed to file a trial memorandum, nor does the record indicate that appellant appeared for trial the "week of 1-21-80." Neither the failure to file a trial memorandum nor to appear for trial, however, renders a defendant susceptible to a default judgment for "failure to defend" the action. In this regard, we approve the following language of *Bass* v. *Hoagland, supra:*

"Rule 55(a) authorizes the clerk to enter a default 'When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules.' This does not require that to escape default the defendant must not only file a sufficient answer to the merits, but must also have a lawyer or be present in court when the case is called for a trial. *The words 'otherwise defend' refer to attacks on the service, or motions to dismiss, or for better particulars, and the like, which may prevent default without presently pleading to the merits.*" 172 F.2d at 210 (emphasis added), quoted in *Coulas* v. *Smith, supra,* 96 Ariz. at 329, 395 P.2d at 529.

Since the judgment in this case was not, therefore, a default judgment, the focus of our inquiry must be upon whether a trial court has the inherent power to render a judgment on the merits against a defendant, without hearing evidence of liability, as well as damages, as a sanction for the defendant's failure to comply with any valid order of the court.

The Civil Rules recognize that there exists a significant difference between dismissing the suit of a plaintiff for failure to comply with a court order, thus maintaining the status quo, and entering judgment against a defendant whose responsibility is only to refute the plaintiff's claims after the plaintiff has at a minimum presented a prima facie case by proper evidence. In this regard, the distinction between Civ. R. 41 and Civ. R. 55 is notable. Civ. R. 41(B)(1) provides for a punitive judgment of dismissal against a plaintiff: "Where the plaintiff fails to * * * comply with these rules *or any court order,* the court upon motion of a defendant *or its own motion* may, after notice to the plaintiff's counsel, dismiss an action or claim." (Emphasis added.) Similar punitive judgments against a defendant are not, on the other hand, authorized by Civ. R. 55. It is our judgment that these Rules correctly reflect the essential nature of burdens of proof in our system for dispute resolution, and that any order upsetting these burdens of proof is inordinately drastic and may not be utilized.[4]

We thus hold that the trial court erred in rendering judgment for appellee where the case was at issue and the record devoid of any proof of appellant's liability. Absent Civil Rule authorization it is error for a court to obviate the responsibility of a plaintiff to prove his or her case.[5]

---

211, 214 [2 O.O. 3d 393]; *Houk* v. *Ross* (1973), 34 Ohio St. 2d 77, 81-82 [63 O.O.2d 119]. The language of Ohio Civ. R. 55(A) allowing default judgments against defendants who have "failed to plead or otherwise defend" was adopted without change from the federal rule. See Fed. R. Civ.P. 55(a).

[4] Similarly, any local rule of practice permitting the entry of judgment once the case is at issue without requiring proof of the plaintiff's claim is impermissibly inconsistent with the Civil Rules. See Civ. R. 83.

[5] The only such Rules are Civ. R. 55 (default judgments) and Civ. R. 37(B)(2)(c). Civ. R. 37(B)(2)(c) states that the court may render a "judgment by default" against a party who fails to obey an order compelling discovery; although not technically a "default" judgment, such a judgment has the effect of relieving the plaintiff of all burdens of proof.

Our holding does not deprive a trial court of potent tools with which it may vindicate its valid orders; the Civil Rules have not divested trial courts of their inherent power to impose sanctions upon a party disobeying court orders. There are limitations upon this inherent power, however, in that the sanctions imposed on an offending party must be reasonable.

We are of the view that it is unreasonable for a court to make an order which impedes a defendant's ability to fully defend at trial against the allegations raised by the plaintiff. The very premise of our legal system is the proof of truth in order to justly resolve disputes.[6] Except in cases of serious transgressions by a party which indicate the party's complete disregard for court procedures designed to produce the imminent resolution of a lawsuit, a court is generally limited to holding a party who disregards its order in contempt or imposing some other reasonable sanction. An order depriving a party of his or her day in court is too harsh a sanction for that party's failure to abide by an order of the court which merely regulates procedure prior to trial.

Thus, in the instant case, assuming the validity of the court's order to submit trial memoranda, the sanction of permitting appellee to proceed ex parte with proof of liability and damages would produce too harsh a result. On the other hand, if appellant disregarded a valid order to appear for trial or at a pretrial conference called in order to ready the case for immediate resolution, the court would not have erred in ordering that the case would proceed ex parte, thus denying to appellant the opportunity to defend against appellee's allegations.[7] Nonetheless, appellee would not have been relieved of her burden as plaintiff to demonstrate the merit of her claim against appellant.

We note, however, that even if the trial court had imposed proper sanctions upon appellant, the judgment would still necessarily be reversed. The proceedings below contained additional fatal irregularities which made it inappropriate for the court to sanction appellant for either failing to submit a trial memorandum or for not appearing at trial.

The record in this case reveals that the court never journalized a date certain on which trial would commence. The last entry relative to trial set the case for trial the "week of 1-21-80." This entry merely indicated a general period of time during which trial would commence, but did not notify appellant or her counsel of any specific trial date on which an appearance would be required. Absent the setting of a specific trial date by journal entry, no sanction may be imposed upon a litigant for failure to appear at trial. Similarly, since the trial memorandum was to be submitted seven days prior to the trial date, because no specific trial date was set

---

[6] See, e.g., Civ. R. 15, providing for the liberal amendment of pleadings in order to fully determine the issues presented within each case.

[7] An example of this appropriate procedure is found in Cuyahoga County C.P.R. 21. By rule, the pretrial conference is designed to directly facilitate dispute resolution and, if settlement cannot be procured, to complete preparations for an efficient trial:

"The primary purpose of the pretrial conference shall be to achieve an amicable settlement of the controversy in suit. If the court concludes that the prospect of settlement does not warrant further court supervised negotiations, then the court shall act on any other matters which come before it at that time and efforts shall be made to narrow legal issues, to reach stipulations as to facts in controversy and, in general, to shorten the time and expense of trial. * * *" Cuyahoga County C.P.R. 21 (II)(D).

If a defendant fails to appear at a pretrial or trial in person or by counsel, the judge is given the authority "[t]o order the plaintiff to proceed with the case and to decide and determine all matters ex parte * * *." Id. R. 21 (II)(G)(2).

and journalized, appellant was uninformed of the date by which the trial memorandum was actually due. Therefore no sanction could be imposed for appellant's failure to submit a trial memorandum.

Even supposing that a trial date had been set, appellant could not have been sanctioned for failure to submit a trial memorandum for yet another reason. It is axiomatic that a court speaks only through its journal, *Wolff* v. *Kreiger* (1976), 48 Ohio App. 2d 153, 156 [2 O.O. 3d 118], and any purported "order" of the court not properly filed and journalized is not binding upon the parties. In the instant case, the record contains no journal entry ordering the submission of trial memoranda. A mere letter signed by the judge ordering that trial memoranda be submitted is not an order of the court for the disobeyance of which a sanction may be applied against a party. Consequently, no punitive action could properly have been taken against appellant for failing to submit a trial memorandum.[8]

For the foregoing reasons, the judgment of the court of common pleas is reversed in case No. 41998 and the cause remanded for further proceedings consistent with this opinion.

*Judgment accordingly.*

STILLMAN, J., concurs.

DAY, J., concurs in judgment only.

---

[8] We note that no rule of court routinely requires the submission of trial memoranda. Such a rule might be regarded as a standing order of the court, and a proper sanction applied if it were ignored.