**DUPAL et al., Appellees,**

v.

**DAEDLOW, Appellant, et al.**

[Cite as *Dupal v. Daedlow* (1989), 61 Ohio App.3d 46.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 54807.

Decided Feb. 6, 1989.

*Walen & Frenden* and *John A. Frenden,* for appellees.

*Payne & Payne* and *William S. Derkin,* for appellant.

KRUPANSKY, Presiding Judge.

Plaintiffs-appellees John C. Dupal and Julya J. Dupal filed a complaint in Cuyahoga Common Pleas Court, case No. 117424, against defendant-appellant Donna Daedlow and various other co-defendants.[1] Defendant Daedlow timely answered denying liability and the case was referred to arbitration. The arbitration panel found for plaintiffs against defendant Daedlow in the amount of $5,000. The arbitrators found for the various other co-defendants.

Defendant Daedlow on June 29, 1987 filed a notice of appeal to the common pleas court from the arbitration award. In a journal entry filed October 22, 1987, the trial court *sua sponte* entered judgment for the plaintiffs in the amount of the arbitration award. The court's journal entry of October 22, 1987 referred for the first time to a pretrial scheduled for September 21, 1987, approximately two and one-half months after defendant had filed her *de novo*

---

1. The various other co-defendants' rights and obligations are not the subject of this appeal.

appeal from the arbitration award. At the time of that pretrial according to the October 22 journal entry, the court made a finding defendant failed to appear and defense counsel was ordered to locate defendant within thirty days in order to enable defendant to "prosecute" the appeal. The October 22 journal entry further states if defense counsel was unable to find defendant within the thirty days, judgment would be entered for plaintiffs. The record fails to reveal any journal entry of this pretrial order on or about September 21, 1987 or at any other time requiring defendant to be located within thirty days to avoid a judgment being rendered for plaintiffs.

■ Defendant filed a timely notice of appeal from the trial court's October 22 journal entry assigning one error. Defendant's sole assignment of error follows:

"Did the court err in dismissing Mrs. Daedlow's appeal de novo and entering judgment against her in accordance with the arbitration award?"

Defendant's assignment of error is meritorious.

■ Local Rule 29 VI(A), right of appeal de novo, provides in pertinent part:

"Any party may appeal from the action of the Board of Arbitration to the Common Pleas Court of Cuyahoga County. No appeal can be withdrawn without consent of all parties. *The filing of a single appeal shall be sufficient to require a de novo trial of the entire case on all issues and as to all parties without the necessity of each party filing a separate appeal de novo.* The right of appeal shall be subject to the following conditions, all of which shall be complied with within thirty (30) days after the entry of the award of the Board. * * * " (Emphasis added.)

Therefore, once defendant filed her notice of appeal, defendant was entitled to a *de novo* trial. Plaintiffs had the burden to proceed with trial; defendant had no duty to "prosecute" the appeal. Defendant may stand mute if plaintiffs failed to present evidence and prove their case by a preponderance of the evidence. It was learned for the first time from the journal entry of October 22 defendant failed to appear at a pretrial and judgment was rendered against her. In effect, the trial court rendered a default judgment as a sanction for failure to appear. The record is devoid of the trial court having conducted any *ex parte* hearing.

■ Once a party has answered, a default judgment cannot be rendered. See *Ohio Valley Radiology Assoc., Inc. v. Ohio Valley Hosp. Assn.* (1986), 28 Ohio St.3d 118, 28 OBR 216, 502 N.E.2d 599; *Reese v. Proppe* (1981), 3 Ohio App.3d 103, 105–106, 3 OBR 118, 119–122, 443 N.E.2d 992, 995–997. The proper action for the trial court is to proceed *ex parte* and allow plaintiff to present evidence. See *Reese v. Proppe, supra.*

In the case *sub judice*, the trial court did not proceed *ex parte;* rather, the trial court arbitrarily rendered judgment affirming the arbitration award. Under the circumstances herein, the trial court abused its discretion.

██ Assume, *arguendo*, the trial court can affirm an arbitration award based upon a failure of the appealing party to appear at pretrial, the trial court's judgment was still in error. The trial court failed to journalize its pretrial order demanding defendant's appearance.

" * * * It is axiomatic that a court speaks only through its journal, *Wolff v. Kreiger* (1976), 48 Ohio App.2d 153, 156 [2 O.O.3d 118, 356 N.E.2d 316], and any purported "order" of the court not properly filed and journalized is not binding upon the parties. * * * " *Reese v. Proppe, supra*, 3 Ohio App.3d at 108, 3 OBR at 123, 443 N.E.2d at 998.

In the case *sub judice*, the trial court's pretrial order was not journalized. Consequently, defendant was not bound by the order and did not need to appear within thirty days to avoid an adverse judgment.

Accordingly, defendant's sole assignment of error is well-taken and sustained.

The judgment of the trial court is reversed and the cause is remanded for trial *de novo*.

*Judgment reversed*
*and cause remanded.*

JOHN V. CORRIGAN and MATIA, JJ., concur.