## Stevens v. Fentech Industries, Inc.
### Case No. 89AP729
### Franklin County, (10th)
### Decided February 6, 1990
[Cite as 1 AOA 413]

*Simmons, Meyer & Kort, and Mr. Louis F. Kort, for appellee.*

*Ms. Patricia A. Jamison, for appellants.*

BOWMAN, J.

This dispute between a contractor and a subcontractor was referred to arbitration pursuant to Loc. R. 65 of the Court of Common Pleas of Franklin County, General Division. After a hearing, the arbitration report and award was filed granting judgment to appellee. On May 15, 1989, appellants filed a timely notice of appeal of the arbitration award in the court of common pleas. On May 17, 1989, the trial court entered judgment on the arbitration award.

Appellants now bring this appeal an assert the following assignment of error:

"The trial court erred in entering judgment upon the arbitration award after defendant-appellant had filed a timely notice of appeal to the trial court pursuant to Rule 65.15, Rules of Practice of the Court of Common Pleas."

Loc. R. 65.15 of the Court of Common Pleas of Franklin County General Division, provides:

"(A) *Right of Appeal De Novo.* Any party may appeal from the award of the Board of the Common Pleas Court. * * * The filing of a single appeal shall be sufficient to require a *de novo* trial of the entire case on all issues and as to all parties without the necessity of each party filing a separate appeal. * * *
"* * *
"(2) * * * After perfection of the appeal, the case shall be returned to the assigned judge for trial.
"(B) * * * All cases which have been duly appealed shall be tried *de novo.* * * *"

Appellants timely filed their notice of appeal, including the affidavit stating that the appeal was not taken for delay, but because the party believed an injustice had been done as required by Loc. R. 65.15(A)-(1)(a). In accordance with the local rule, the case should have been returned to the trial court judge who should have held a trial *de novo* on the entire case on all issues and as to all parties. Loc. R. 65.15(B) mandates that all cases which have been appealed *shall* be tried *de novo.*

Accordingly, the trial court erred in not complying with its own local rule and in not holding a trial *de novo* on all the issues as to all parties and in entering judgment on the arbitration award. Accordingly, appellants' assignment of error is well-taken.

Appellants' assignment of error is sustained and the judgment of the trial court is reversed.

This cause is remanded to the trial court, to comply with Loc. R. 65.15 of the court of Common Pleas of Franklin County, General Division, who shall hold a trial *de novo* on all issues and as to all parties.

*Judgment reversed and*
*cause remanded*

YOUNG and HOFSTETTER, JJ., Concur.

HOFSTETTER, J., retired of the Eleventh Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.