DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Midwest Communications Construction Co., Inc. has appealed the order of the Common Pleas Court of Summit County dismissing with prejudice its complaint against Thomas M. Balun and John Hess and granting judgment to Hess on his counterclaim against Midwest. We affirm in part and reverse in part.
The action originated with a complaint by Midwest alleging that Balun: (1) without authority of Midwest, entered into an equipment lease with Hess which purported to obligate Midwest to Hess; and (2) converted Midwest funds to his personal use. Midwest sought a declaratory judgment that no lease existed between it and Hess and sought from Balun reimbursement of $10,000 and contribution for any liability it might incur as the result of Balun's actions. Hess cross-claimed against Midwest, seeking $19,800 in balances due under the lease, plus interest.
The case was referred to arbitration, and a hearing date was set. On the afternoon before the hearing, Midwest obtained a continuance. Balun's counsel moved for a dismissal and sanctions, arguing that Midwest had failed to comply with the court's order in obtaining the continuance and that Balun had incurred substantial costs as a result. The trial court overruled the motion.
Three months later, the arbitration was conducted. The arbitrators filed a report with the court, awarding judgment for Hess against Midwest in the amount of $18,600 and judgment for Midwest against Balun in the amount of $13,600.
Balun appealed the arbitrators' report to the court de novo. Following several months of pretrial activity, the court sent written notice to all of the parties' counsel, setting a final pretrial date of March 28, 1997, at 8:30 a.m., and fixing the date for trial at April 28, 1997. The court's order stated that "FAILURE TO COMPLY WITH ANY ORDERS OF THIS COURT MAY RESULT IN SANCTIONS BEING IMPOSED, INCLUDING ADVERSE JUDGMENT FOR FAILURE TO PROSECUTE OR DEFEND."
Midwest's counsel failed to appear at the final pretrial hearing. As a result, the court issued the following order, affirming the arbitration award to Hess and dismissing Midwest's claims with prejudice:
 This matter came on for a trial management conference before the Court on March 28, 1997 pursuant to written notice served on all counsel. Present were Attorney[s for both Defendants]. However, Plaintiff's counsel * * * did not appear. Both [Defense] Attorney[s] * * * indicated to the Court that they had not spoken with [Plaintiff's] Attorney * * * since the status conference on September 19, 1996. [Plaintiff's] Attorney * * *, in a conversation with the Court's clerk, did not deny this. The trial in this matter is scheduled for April 28, 1997.
The Court, based on the foregoing, affirms the arbitration award of January 12, 1996 granting judgment in favor of Defendant Hess on his cross-claims [sic] against Plaintiff in the amount of $18,600.00.
Furthermore, Plaintiff's complaint is dismissed with prejudice for lack of prosecution.
Midwest appeals, asserting a single assignment of error:
 THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S CLAIM AGAINST THOMAS M. BALUN AND GRANTING JUDGMENT AGAINST APPELLANT IN FAVOR OF JOHN HESS.
In its brief to this court, Midwest admits that its counsel did not appear for the final pretrial hearing set by the court. Midwest's counsel states, however, that he called the court two hours after the start of the hearing and faxed a letter to the court explaining his absence. Counsel argues that his letter of explanation was sufficient for the court to allow a trial upon the merits. Counsel also argues that he filed an affidavit and motion for relief from judgment with the trial court, setting forth grounds of "excusable neglect" that warrant relief from judgment pursuant to Civ.R. 60(B)(1).
The record before this court does not contain Midwest counsel's letter of explanation. Nor does the record contain Midwest's motion for relief from judgment filed pursuant to Civ.R. 60(B).
In reviewing the judgment of a trial court, an appellate court "indulges in a presumption of regularity of the proceedings below." Hartt v. Munobe (1993), 67 Ohio St.3d 3, 7. In accordance with App.R. 9(B), "[u]pon appeal of an adverse judgment, it is the duty of the appellant to ensure that the record, or whatever portions thereof are necessary for the determination of the appeal, are filed with the court in which he seeks review." Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17,19. In the absence of those portions of the record necessary for the resolution of assigned errors, "the reviewing court has nothing to pass upon and * * * has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197,199.
In the case before us, Midwest had been given the requisite warning that failure to comply with the court's order regarding the pretrial hearing could result in an adverse judgment. SeeMoore v. Emmanuel Family Training Ctr. (1985), 18 Ohio St.3d 64,70; Civ.R. 41(B)(1). In view of that warning, and in the absence of a record to support Midwest's argument regarding dismissal of his complaint, we must affirm that portion of the trial court's order dismissing Midwest's complaint for lack of prosecution.
This determination does not end our inquiry, however, with respect to that portion of the trial court's order that granted judgment in favor of Hess on his counterclaim against Midwest.
A common pleas court is empowered by C.P.Sup.R. 15 to adopt, by local rule, its own system of compulsory arbitration in civil cases. Pursuant to that authority, the Court of Common Pleas of Summit County, General Division, adopted Loc.R. 10.17, which governs the arbitration in the case before us. That rule provides that all appeals of court-ordered non-binding arbitration shall bede novo, Loc.R. 10.17(D), and that an appeal de novo "shall be an appeal of all claims and issues raised by the pleadings in the appealed case." Loc.R. 10.17(C). An appealed case is returned to the trial judge who ordered that the case be arbitrated, and the case is then to be tried de novo, "as if no arbitration decision had been rendered." Finke v. Farley (July 22, 1993), Hamilton App. No. C-920223, unreported. A trial de novo requires a trial of the entire case on all issues and as to all parties. Dupal v.Daedlow (1989), 61 Ohio App.3d 46, 48.
While we cannot determine under the record before us that the trial court abused its discretion in dismissing Midwest's claims for lack of prosecution, we are able to determine from the record and as a matter of law that the trial court erred by affirming the arbitration award with respect to Hess's counter-claim against Midwest without first requiring Hess to prove that claim. Once an appeal of the arbitration award was duly filed, the parties effectively returned to the common pleas court for disposition of the case as if the arbitration had not been held. Midwest, as the defendant under Hess's counter-claim, had no duty to "prosecute" Hess's claim. See, id. Nor did it have a duty to defend a claim that had not yet been proven. A "[d]efendant may stand mute if plaintiffs failed to present evidence and prove their case by a preponderance of the evidence." Id.
The trial court is required, at a minimum, to hold an exparte hearing in which the plaintiff is required to prove its case by a preponderance of the evidence. Id. Without such a hearing, the trial court, in effect, renders a default judgment as a sanction for failure to appear. "Once a party has answered, a default judgment cannot be rendered." Id., citing Ohio ValleyRadiology Assoc., Inc. v. Ohio Valley Hosp. Assn. (1986), 28 Ohio St.3d 118;Reese v. Proppe (1981), 3 Ohio App.3d 103, 105-106. See, also, Stevens v. Fentech Industries, Inc. (1990), 66 Ohio App.3d 69,70.
Since an appeal had been filed from a non-binding arbitration in this case, the trial court abused its discretion by arbitrarily rendering judgment for Hess affirming the arbitration award without first conducting a trial de novo. Accordingly, that portion of the trial court's order that affirmed the arbitrator's award and granted judgment to Hess on his counter-claim is hereby reversed and remanded for a trial de novo on the merits of Hess's claim.
Midwest's assignment of error is sustained in part and overruled in part. The decision of the trial court is affirmed in part and reversed in part, and this cause is remanded for further proceedings consistent with this opinion.
Judgment affirmed in part, reversed in part, and causeremanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed equally to both parties.
 Exceptions. _______________________________ WILLIAM R. BAIRD
FOR THE COURT
QUILLIN, J., P. J.
REECE, J. CONCUR.
APPEARANCES: