OPINION
This timely appeal arises from an order of the Court of Common Pleas of Columbiana County finding Appellant guilty of contempt of court. Appellant argues that his conviction should be set aside as he did not receive notice prior to a hearing before a magistrate that he could be convicted of contempt as is required under R.C. § 2705.03. For all of the following reasons, the judgment of the trial court is affirmed.
On May 23, 1990, the Columbiana County Common Pleas Court, Domestic Relations Division, granted Julia A. Atwood, n.k.a., Julia A. Whitehill ("Appellee") a divorce from James J. Atwood ("Appellant"). Appellee was granted custody of the parties' two minor children, child support and spousal support. At the time the divorce was finalized, Appellant was in arrears of his court ordered temporary support and continued in arrears at the time the present appeal was filed. (Opinion and Judgment Entry, March 7, 1997). Appellant's court ordered support payments were to be sent directly to the Columbiana County Child Support Enforcement Agency ("CSEA").
On December 26, 1996, CSEA filed a Motion and Notice of Support Contempt against Appellant, alleging that he was $15,566.90 in arrears in support payments. Appellant was personally served with the summons on February 9, 1996. Hearing on the matter was scheduled to be held on March 26, 1996. Appellant failed to appear for this hearing and a bench warrant was issued for his arrest. On June 6, 1996, Appellant filed a motion with the trial court seeking to vacate the bench warrant due to a misunderstanding with his attorney regarding the prior hearing date. On that same date the court granted the motion, vacated the bench warrant and rescheduled the hearing on CSEA's Motion for Contempt. (Magistrate's Decision, Judgment Entry, June 6, 1996).
On June 28, 1996, Appellant filed another motion seeking to have the child support order terminated because he was expecting a favorable ruling on his Social Security disability application. The motion also requested that the court hear his motion at the same time that the CSEA's Motion for Contempt would be heard. On August 14, 1996, the magistrate ordered that the hearing, originally scheduled for August 8, 1996, be continued to September 24, 1996 in order to await a resolution on Appellant's pending Social Security claim. By September 24, 1996, however, the Social Security claim had not been decided. Therefore, the magistrate ordered that the original support order continue pending a final resolution of Appellant's Social Security claim. No date was set for further hearings.
On September 25, 1996, Appellant filed a motion indicating that his Social Security claim had been approved and requested that any lump sum distribution from his Social Security award be applied toward his arrearages and that his continued Social Security benefits be substituted for child support payments. Appellee and CSEA were notified that a hearing on Appellant's motion would take place on November 5, 1996, but failed to appear.
At the hearing, Appellant indicated that he still had not received the lump sum award from Social Security. Due to this, the magistrate continued the hearing until January 28, 1997. Appellant was ordered to hold any monies from any lump sum Social Security award he might receive in escrow pending the January 28, 1997 hearing in order to determine how that money should be disbursed. (Magistrate's Decision, November 19, 1996). Appellee and CSEA were notified of the new hearing date.
The record indicates that the January 28, 1997, hearing was held as scheduled. The Magistrate's Decision was filed on January 31, 1997. The magistrate determined that Appellant's Social Security disability claim became effective retroactive to January 1, 1995 and that Appellant's arrearage up to that date was $13,495.66. The magistrate also determined that Appellant had received a lump sum award from Social Security in the amount of $10,256.00 but had failed to put that amount in escrow as ordered on November 19, 1996. Out of his lump sum award, Appellant paid $3,000.00 to his girlfriend, $3,000.00 to his mother, and $500.00 as a down payment on a van. (Magistrate's Decision, January 31, 1997). Appellant spent the approximately $2,500.00 remaining from the lump sum payment on Christmas presents. The Magistrate found Appellant in contempt of court for violating the November 19, 1996 court order and, "recommended that he be sentenced to 10 days in the county jail for his failure to obey that order to hold those monies in escrow." (Magistrate's Decision, January 31, 1997).
A sentencing review hearing was scheduled for February 21, 1997. Appellant filed timely objections to the Magistrate's Decision and requested that the sentencing review hearing be continued to February 28, 1997. The continuance was granted and Appellant's objections were scheduled to be heard at the same time.
The February 28, 1997, hearing took place as scheduled before the Court of Common Pleas. On March 7, 1997, the trial court issued its opinion overruling Appellant's objections and adopting the Magistrate's Decision in its entirety as its own. It is from the trial court's decision from which the present appeal arises.
In his sole assignment of error, Appellant argues that:
 "A Magistrate cannot summarily punish for contempt when the act constituting the contempt does not occur in the presence of or so near the court or judge as to obstruct the administration of justice. Notice and an opportunity to be heard is required."
Appellant primarily alleges that the magistrate was without authority to summarily find him in contempt of court with no prior notice or opportunity to be heard. Specifically, Appellant challenges the authority of the magistrate to punish a party for contempt without prior notice and an opportunity to prepare for a hearing where the act constituting the contempt was an indirect contempt which did not occur in the presence of the Magistrate.
Appellant correctly notes that in Ohio there are three statutes which govern the power of the court to punish in contempt. The relevant statute at issue in the case at bar is R.C. §2705.02(A), which describes indirect contempt to include:
 "Disobedience of, or resistance to, a lawful writ, process, order, rule, judgment, or command of a court or an officer."
Appellant also correctly observes that an individual accused of indirect criminal contempt has certain procedural due process rights which are set forth in R.C. § 2705.03. That statutory section provides in relevant part:
 "In cases under R.C. 2705.02 of the Revised Code, a charge in writing shall be filed with the clerk of the court, an entry thereof made upon the journal, and an opportunity given to the accused to be heard, by himself or counsel."
The primary purpose behind R.C. § 2705.03 is to require that a person charged with indirect contempt be given adequate notice of the pending charge. This notice requirement is satisfied when it apprises the defendant of the nature of the charge against him so that he may prepare a defense. Cincinnativ. Cincinnati District Council 51 (1973), 35 Ohio St.2d 197. An individual may not be convicted of, or punished for, indirect contempt when this notice requirement is not complied with. Seegenerally, State ex rel. Seventh Urban, Inc. v. McFaul (1983),5 Ohio St.3d 120, 122; Courtney v. Courtney (1984), 16 Ohio App.3d 329.
Appellant's assignment of error alleges that the magistrate's hearing of January 28, 1997 violated the notice requirement articulated in R.C. § 2705.03. We agree.
The record before this Court indicates that the purpose of this hearing was, "to determine the amount of arrearage currently due as well as what credit if any should be given to the defendant James Atwood for Social Security benefits received by his minor children." (Magistrate's Decision, January 31, 1997, p. 1). The transcript of the January 28, 1997 hearing reveals that it was not until the very end of that hearing that the issue of contempt was raised for the first time.
 "You may step down. I'll take the matter under advisement. I will tell you right now Mr. Atwood, you are very seriously looking at me finding you in contempt of this Court for your failure to obey the order of November 19th, 1996, which ordered you to hold any balance of the monies that you received from Social Security in escrow until we had this hearing."
As contempt was not one of the scheduled matters set for hearing, Appellant had no notice of a potential charge in contempt and therefore had no opportunity to marshal witnesses or prepare a defense. This reflects, as Appellant alleges, a clear violation of R.C. § 2705.03. State v. Moody (1996),116 Ohio App.3d 176.
This finding, however, does not end our analysis. A critical aspect of the hearing held on January 28, 1997, and one that is fatal to Appellant's argument, was that it was held before a magistrate. In general, a magistrate's involvement in an issue serves only as an aid to the judicial process, not as a substitute. Hartt v. Munobe (1993), 67 Ohio St.3d 3. Therefore, a magistrate serves only in an advisory capacity to the court and has no authority to render final judgments that affect the rights of parties. Nolte v. Nolte (1978) 60 Ohio App.2d 227. As such, a magistrate may only recommend that a party or witness to an action be placed in contempt, except for those instances where the contemptuous activity occurs in the direct presence of the magistrate as set forth in Civ.R. 53(C)(3)(c). Wolff v. Krieger
(1976), 48 Ohio App.2d 153, at syllabus. It is the journalized entry of the trial court and not the magistrate's decision, report, or recommendation, which provides the authority to incarcerate a person for contempt. Id.
Therefore, it follows that the Magistrate's Decision of January 31, 1997, was only a recommendation to the trial court and not an actual conviction of contempt and sentence, regardless as to the manner in which it was worded. It was the trial court's adoption of the Magistrate's Decision, to which Appellant timely objected, which actually forms the basis for Appellant's citation for indirect contempt of court. Accordingly, we turn our attention to the procedures employed by the trial court at the February 28, 1997, hearing in order to determine if Appellant's procedural due process rights, as codified in R.C. § 2705.03, were protected. Based on the record before us, we determine that Appellant's rights were not violated.
The charges against Appellant were put in writing and filed, since they were set forth in the Magistrate's Decision. This written charge was entered into the journal of the court. At the February 28, 1997, hearing, Appellant was provided with an opportunity to be heard, by himself or through counsel. Nothing in the record indicates that Appellant was in any way prevented or limited in presenting exculpatory evidence. Although the magistrate did not comply with R.C. § 2705.03, this error was harmless as it was completely cured by the procedures employed by the trial court. Thus, Appellant was properly cited and punished in contempt for disobeying a direct order of the magistrate.
For all of the foregoing reasons, Appellant's sole assignment of error is overruled and the judgment of the Columbiana Court of Common Pleas is affirmed.
VUKOVICH, J., and COX, P.J., concurs.
APPROVED:
 ________________________________ CHERYL L. WAITE, JUDGE