JOURNAL ENTRY AND OPINION
Defendant-appellant Carlos Conner appeals from a judgment entered on an account against him in the Cleveland Municipal Court in favor of plaintiff-appellee Pete's Auto Sales arising out of defendant's purchase of a used car. Defendant claims that a default judgment was entered without notice and there was no proof of the damages claimed. We reverse for the reasons hereinafter stated.
On September 25, 1994, defendant purchased a 1986 Chevrolet from Pete's Auto Sales for $1,300, $600 down. Defendant claims he never got the proper title or loan papers because Pete's did not own the car. Soon after the purchase, the car stopped running and defendant stopped making his monthly payments. Defendant then took the car back to Pete's for repairs. While sitting in Pete's lot waiting repairs, Pete's repossessed the car and sold it to a third party.
On or about June 19, 1997, Pete's brought the instant suit for $960 against the defendant on an account. Defendant duly appeared and answered through his attorney denying the obligation, asserting affirmative defenses and counter-claimed for compensatory and punitive damages for defendant's improper conduct.
After a number of pre-trials and discovery, the case was set for trial on August 2, 1999 at 3:00 p.m. When the defendant and his attorney came to the trial court, the court was engaged in a rather celebrated criminal case involving a Cleveland city councilman. Defendant asserts that security personnel prevented defendant and his counsel from entering the courtroom or seeing the judge. Defendant further asserts that after waiting outside of the courtroom for most of the afternoon, a bailiff came out and advised him to go home.
Without further proceedings, on August 31, 1999, the trial court issued a judgment entry as follows:
 A hearing was held August 2, 1999. The Plaintiff was present with Council [sic]. Defendant was not present. Council for the Defendant was not present. Upon the evidence presented, the Court finds that the Plaintiff is entitled to Judgment.
 IT IS, ORDERED that Defendants Counterclaim be dismissed at Defendants cost for lack of prosecution.
 IT IS ORDERED, ADJUDGED, AND DECREED that the Plaintiff recover from the Defendant, the sum of $960.00, together with interest at the rate of 10.000% per annum from 6/05/95, and all costs.
On September 16, 1999, defendant filed a motion requesting that the trial court reconsider and vacate its August 31, 1999 judgment entry. Attached to this motion, defendant included his own affidavit along with the affidavits of his attorney and a disinterested third party. In his affidavit, defendant states that he was present at 3:00 p.m. on August 2, 1999 and waited in the hallway outside of the courtroom for his trial to commence. He states that he waited until 4:35 p.m. when the trial judge's bailiff told him to go home because the large criminal trial was still going on and would continue for a while. Defendant then left and went home. This was corroborated by the affidavit of the third party.
Defendant's attorney stated in her affidavit that both she and defendant were present at 3:00 p.m. on August 2, 1999 for the scheduled trial time, but the trial did not occur on that day because of the large criminal trial. She states that she arrived at approximately 2:50 p.m. and when she told the deputy that she was scheduled for trial at 3:00 p.m. before the trial judge, the deputy would not let her to the courtroom because a big trial was going on and told her that she had to go to another floor to take care of it. She stated that she went to the specified floor but no one could explain the situation or help her. She then called the scheduler for the trial judge who advised her to call the bailiff. After trying to call the bailiff twice with no answer, she left the building at approximately 4:00 p.m.
On September 28, 1999, defendant timely filed his notice of appeal. Subsequently, on November 9, 1999, the trial court determined that it was without power to reconsider its judgment of August 2, 1999, this matter having been perfected for appeal. Plaintiff-appellee has filed no brief herein.
Defendant's assignments of error state as follows:
 I. WHETHER THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY GRANTING A DEFAULT JUDGMENT AGAINST DEFENDANT-APPELLANT
 II. WHETHER, WHERE A PARTY HAS APPEARED, THE TRIAL COURT MUST ADHERE TO THE REQUIREMENTS OF RULE 55, OHIO RULES OF CIVIL PROCEDURE IN REGARD TO AWARDING A DEFAULT JUDGMENT AGAINST A PARTY.
 III. WHETHER THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY VIOLATING APPELLANT'S RIGHTS TO DUE PROCESS OF LAW WHEN IT AWARDED A DEFAULT JUDGMENT AGAINST HIM.
 IV. WHETHER EVIDENCE OF LIABILITY AND PROPER PROOF OF DAMAGES MUST BE PRESENTED TO THE TRIAL COURT BEFORE A DEFAULT JUDGMENT MAY BE GRANTED.
We will address these together as they all go to whether judgment was properly entered.
In the first place, contrary to defendant's assertion, we do not believe this case presents a default judgment for our review. A default judgment applies only where a party has failed to appear or otherwise defend. Here, the record reveals the defendant was represented by counsel and has obviously appeared and defended. This Court explained the difference between a default judgment and an ex parte trial in John Breen v. H K, Inc. (May 22, 1997), Cuyahoga App. No. 71018, unreported at 9-10:
 The Ohio Supreme Court in Ohio Valley Radiology Associates, Inc. v. Ohio Valley Hosp. Ass'n (1986), 28 Ohio St.3d 118, was presented with an identical issue as is presently before this court. The court in Ohio Valley Hosp. Ass'n set forth the following:
 Default, under both pre-Civil Rule decisions and under Civ.R. 55(A), is a clearly defined concept. A default judgment is a judgment entered against a defendant who has failed to timely plead in response to an affirmative pleading. McCabe v. Tom (1929), 35 Ohio App. 73. As stated by the court in Reese v. Proppe (1981), 3 Ohio App.3d 103, 105 [a] default by a defendant * * * arises only when the defendant has failed to contest the allegations raised in the complaint and it is thus proper to render a default judgment against the defendant as liability has been admitted or `confessed' by the omission of statements refuting the plaintiff's claims. * * * It is only when the party against whom a claim is sought fails to contest the opposing party's allegations by either pleading or otherwise defend[ing] that a default arises. This rule applies to original claims as well as to counterclaims (Civ.R. 55[C]), and is logically consistent with the general rule of pleading contained in Civ.R. 8(D) * * *.
 Because a default under Civ.R. 55(A) only applies to those uncontested cases where one party has failed to plead or otherwise defend, the notice requirements of Civ.R. 55(A) have generally been held inapplicable to cases in which a defending party who has previously pleaded later fails to appear from a trial or pretrial conference. See, also, Coulas v. Smith (1964), 96 Ariz. 325.
 Ohio Radiology Assoc., Inc. supra at 123.
 A party whose non-defaulting opponent fails to appear for trial must prove his case even in the absence of the opposing party. Id. at 122. The proper action for the trial court is to proceed ex parte and allow plaintiff to present evidence. Dupal v. Daedlow (1989), 61 Ohio App.3d 46, 49. Such a procedure, which requires affirmative proof of the essential elements of a claim, is diametrically opposed to the concept of default, which is based upon admission and which therefore obviates the need for proof.
 This is because ex parte trials, when properly conducted, are truly trials in the sense of the definition contained in R.C. 2311.01. Ohio Valley Hosp. Ass'n, supra at 122. It is clear that any judgment based upon an ex parte trial is a judgment after trial pursuant to Civ.R. 58, and not a default judgment under Civ.R. 55. Id. Because Civ.R. 55 is by its terms inapplicable to ex parte
proceedings, the notice requirement of Civ.R. 55(A) was not applicable to the proceedings below in this case. Id.
In the instant case, although the case was called for trial on August 2, 1999 at 3:00 p.m., it did not go forward at that time. The defendant presented evidence that he and his counsel were present and prepared to proceed. However, the trial court was engaged in a lengthy criminal trial and could not reach the instant case. The court's bailiff then directed defendant to go home. Defendant had no further notice of a hearing or resetting of the trial until he received the court's August 31, 1999 journal entry dismissing defendant's counter-claim and granting plaintiff the full relief on its complaint. There was apparently no ex parte
trial; there was no hearing; there was no presentation of evidence; there was no notice of a reset date; there was no proper default judgment or proceedings. Under the circumstances, defendant failed to receive minimal due process.
It has long been recognized that trial courts have been allowed some discretion to treat a motion for reconsideration as a motion to vacate under Civ.R. 60(B). Malloy v. Kraft General Foods
(June 14, 1999), Mahoning App. Nos. 95 C.A. 241, 96 C.A. 245, unreported; Scherer v. ATT Global Information Solutions Co. (Dec. 4, 1997), Franklin App. No. 97APE06-782, unreported; Bolle v.Bolle (Feb. 28, 1991), Clark App. No. 2731, unreported; Sommervillev. Erie Co. Commrs. (July 22, 1988), Erie App. No. E-87-60, unreported; Anthony v. Central Ohio Transit Auth. (Sept. 29, 1988), Franklin App. No. 88AP-182, unreported. We similarly find that, regardless of its style, defendant's September 16, 1999 motion for reconsideration, along with its accompanying affidavits, was effectively a motion for relief from judgment consistent with Civ.R. 60(B).
The Ohio Supreme Court has expressly held that an appeal divests trial courts of jurisdiction to consider Civ.R. 60(B) motions for relief from judgment. Howard v. Catholic Soc. Serv.
(1994), 70 Ohio St.3d 141, 147, citing State ex rel. East Mfg.Corp. v. Ohio Civ. Rights Comm. (1992), 63 Ohio St.3d 170, 181. However, after a notice of appeal is filed, the trial court may regain jurisdiction over the matter through an order of the appellate court remanding the matter for consideration of the Civ.R. 60(B) motion. Id.
Accordingly, we vacate the trial court's November 9, 1999 entry and remand this matter to allow the trial court to consider defendant's motion along with its accompanying affidavits as a Civ.R. 60(B) motion to vacate.
Judgment reversed and remanded for further proceedings consistent with this opinion.
It is ordered that appellant recover of appellee his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J., and MICHAEL J. CORRIGAN, J., CONCUR.
 ______________________ JAMES M. PORTER, JUDGE