DECISION
Jeffrey L. Plummer, defendant-appellant, appeals the June 28, 2001 judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, wherein the court overruled appellant's objections to the magistrate's decision, in which the magistrate granted default judgment, which established the father-child relationship between appellant and a minor child and issued various related orders.
On October 15, 1999, Laura B. Fleming, plaintiff-appellee, gave birth to a child, Taylor Fleming. On February 16, 2000, appellee filed a complaint to establish the father-child relationship between appellant and Taylor. Appellant did not file an answer to the complaint, and, after notice, the matter was set for default hearing on May 17, 2000. On May 17, both parties appeared, and appellant requested a continuance to obtain counsel. The case was continued until June 21, 2000, and appellant was served with notice of the default hearing. At the June 21, 2000 hearing, appellant again appeared without counsel and requested another continuance to obtain counsel. Appellee requested appellant submit to genetic testing later that same day, and the magistrate granted her request pursuant to R.C. 3111.09. Appellant refused to sign the order for genetic testing and continuance, and he did not appear for genetic testing that afternoon. The transcript from June 21 reveals the magistrate informed him of the next hearing date on August 16, 2000. The Franklin County Child Support Enforcement Agency again arranged testing for July 11, 2000, and notice was sent to both parties, but appellant failed to appear. On July 19, 2000, a notice of default hearing scheduled for August 16, 2000 was sent via ordinary mail to appellant. On July 21, 2000, appellee filed a motion to determine the father-child relationship due to appellant's willful failure to submit to genetic testing pursuant to R.C. 3111.09.
Appellant failed to appear at the August 16, 2000 hearing. The magistrate dismissed the motion to determine the father-child relationship and proceeded on a default basis. On August 29, 2000, the magistrate issued a decision establishing the father-child relationship. The magistrate also imposed a child support order in the amount of $455.58 per month, imputing a minimum wage rate; established an arrearage in the amount of $2,487.57 as of July 31, 2000, to be liquidated at $43.33 per month; and ordered appellant to actively seek employment.
On September 11, 2000, appellant filed an objection to the magistrate's decision, claiming he had mailed an answer to the clerk's office, had requested another continuance of the default hearing by mail, and had "important evidence" to present. Appellant obtained court-appointed counsel on September 15, 2000. An objections hearing was scheduled for December 14, 2000. Appellant failed to appear, and his counsel was granted a continuance until January 25, 2001. On January 25, 2001, the parties presented oral arguments to the court. The court overruled appellant's objections and issued a judgment entry adopting the magistrate's decision on June 28, 2001. Appellant appeals the trial court's judgment, asserting the following assignment of error:
 The trial court committed error by establishing paternity by default without first conducting a hearing on whether Appellant's failure to submit to genetic testing was willful.
Appellant argues in his assignment of error the trial court erred in establishing the father-child relationship by default. Appellant asserts R.C. 3111.09(A)(2) and 3111.08 prohibit a default judgment in the present case because they require a court to find willful failure to submit to genetic testing before it proceeds to a default judgment. R.C.3111.09(A)(2) provides:
 * * * If the mother or other guardian or custodian of the child brings an action under sections 3111.01 to 3111.18
of the Revised Code and if the alleged father of the child willfully fails to submit himself to genetic testing * * * the court shall issue an order determining the existence of a parent and child relationship between the father and the child without genetic testing. If a party shows good cause for failing to submit to genetic testing * * * the court shall not consider the failure to be willful.
R.C. 3111.08 provides, in pertinent part:
 (A) An action brought pursuant to sections 3111.01 to 3111.18 of the Revised Code to declare the existence or nonexistence of the father and child relationship is a civil action and shall be governed by the Rules of Civil Procedure unless a different procedure is specifically provided by those sections.
 (B) * * * If the person against whom the action is brought fails to plead or otherwise defend against the action, the opposing party may make an oral or written motion for default judgment pursuant to the Rules of Civil Procedure. The court shall render a judgment by default against the person after hearing satisfactory evidence of the truth of the statements in the complaint.
Thus, appellant maintains because he made an appearance to defend the action and the court ordered genetic testing, R.C. 3111.09 must be followed before parentage by default may be established, relying upon the final sentence of R.C. 3111.09(A)(2). We disagree.
The magistrate did not establish parentage through the procedures in R.C. 3111.09(A)(2). The magistrate established parentage through the default judgment process. The sanction for refusing to take a genetic test indicated in R.C. 3111.09(A)(2) is completely different from the default procedures in R.C. 3111.08(B). Marsh v. Clay (1998),125 Ohio App.3d 518, 520. This is evident in that R.C. 3111.09(A)(2) does not mention default or the consequences of failing to plead or otherwise defend. R.C. 3111.09(A)(2) speaks to the remedies available when the alleged father fails to submit to genetic testing or if a party fails to submit the child for genetic testing. R.C. 3111.08, however, specifically refers, in text and title, to the actions a court may take in rendering default judgment for failure to plead or otherwise defend. Thus, these sections operate independently, and a court is not required to address the requirements of R.C. 3111.09(A)(2) if it proceeds via default judgment.
Here, despite appellant's claims to the contrary, counsel for appellee explicitly withdrew the R.C. 3111.09 motion, stating at the final hearing "I will go ahead and withdraw that motion. And I am prepared to go forward now on a default basis." The court then proceeded under the default judgment method in R.C. 3111.08(B), stating "All right, we'll proceed in default." The magistrate further indicated in the decision "Dismiss the motion of plaintiff, Laura Fleming, to determine the father-child relationship filed 7-21-00" and "* * * this matter is subject to DEFAULT JUDGMENT." Thus, it was not necessary for the court to follow the requirements imposed under R.C. 3111.09(A)(2), and it correctly proceeded under R.C. 3111.08 and Civ.R. 55 in granting default judgment.
Appellant cites no cases to support his position that when a court proceeds exclusively under a default judgment theory in a parentage action, it must first hold a hearing under R.C. 3111.09(A)(2) to determine whether the failure to submit to testing was willful. Appellant's citation to Marsh is unpersuasive to support his position, as Marsh is clearly distinguishable. The court in Marsh found the putative father should have received notice of the court's intent to enter a finding of paternity after his refusal to submit to genetic testing, to allow him the opportunity to explain why his refusal to take the test was not willful. However, the court in Marsh specifically stated that the trial court's characterization of the proceeding as a "default" proceeding was a misnomer, because it actually made its paternity determination pursuant to R.C. 3111.09(A). To the contrary, in the present case, the trial court dismissed appellant's motion requesting relief pursuant to R.C. 3111.09(A) and specifically indicated it was proceeding under the default theory. Marsh is, therefore, inapplicable to the present case.
Having decided that the trial court properly proceeded under a default judgment analysis, we must now determine whether the granting of the default judgment itself was proper. Civ.R. 55(A) governs default proceedings, and provides, in pertinent part:
 When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor * * *. If the party against whom judgment by default is sought has appeared in the action, he * * * shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application. * * *
A trial court's decision to grant a motion for default judgment will not be reversed absent an abuse of discretion. Huffer v. Cicero (1995),107 Ohio App.3d 65, 74.
As quoted above, R.C. 3111.08(B) allows the opposing party to make an oral or written motion for default judgment pursuant to Civ.R. 55 "[i]f the person against whom the action is brought fails to plead or otherwise defend against the action." Appellant failed to file an answer, and we find that his appearance at the prior hearings did not constitute "otherwise defend[ing]" the claim as contemplated by R.C. 3111.08(B) or Civ.R. 55. The phrase "otherwise defend" is not defined in R.C. 3111.08
or Civ.R. 55(A). However, in Reese v. Proppe (1981), 3 Ohio App.3d 103,106, the court explained "[t]he words `otherwise defend' refer to attacks on the service, or motions to dismiss, or for better particulars, and the like, which may prevent default without presently pleading to the merits." "Attacks on service, or motions to dismiss, or for better particulars" involve challenges to the jurisdiction of the trial court. See Miles v. Horizon Homes, Inc. (Oct. 17, 1991), Cuyahoga App. No. 61379, unreported, citing Reese.
In the present case, the transcript from the May 17, 2000 hearing reveals that the few statements made by appellant did not involve jurisdictional issues and did not even challenge the substantive issues. We do not find that the language "otherwise defend" contemplates appellant's appearance at two hearings to merely request continuances, and appellant cites no authority to support this proposition. See, also, Black v. Oakes (June 26, 2001), Franklin App. No. 00AP-1133, unreported (the language "otherwise defend" does not contemplate either participating in the discovery process or appearing at a preliminary injunction hearing); Wabeek Leasing Corp. v. Unissco, Inc. (June 6, 1985), Cuyahoga App. No. 49198, unreported (the language "otherwise defend" does not apply to a motion for leave to file an answer instanter); Williams v. Cleveland (Dec. 14, 1989), Cuyahoga App. No. 56408, unreported (defense posed by the defendant in its untimely answer does not fall within the definition of "otherwise defend," as it does not involve jurisdictional issues but rather raises substantive questions). Thus, appellant failed to plead or otherwise defend.
Although appellant failed to file an answer, failed to appear for two genetic testing appointments, and failed to appear at the third hearing, appellant did appear at two hearings. Civ.R. 55 requires a party who has appeared in the action be served with written notice of the application for default judgment seven days prior to the hearing. On July 19, 2000, appellant was served with notice of the August 16, 2000 default hearing, which explicitly notified appellant that his "[f]ailure to attend this hearing will result in the granting of the relief sought in the complaint." Therefore, because appellant neither timely pled nor otherwise defended himself with regard to appellee's complaint, and because appellant was served with adequate written notice of the possibility of default judgment more than seven days prior to the entry of default judgment, we cannot find that the trial court abused its discretion in adopting the magistrate's decision granting appellee's motion for default judgment pursuant to Civ.R. 55. See, generally, Black, supra. Appellant's assignment of error is overruled.
Accordingly, we overrule appellant's assignment of error and affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations.
Judgment affirmed.
LAZARUS and DESHLER, JJ., concur.