## McCABE v TOM

Ohio Appeals, 6th Dist, Lucas Co
No. 2267. Decided December 2, 1929

Messrs. Christensen & Christensen and Pierre K. Chase, Toledo, for McCabe.

Mr. Ralph Emery, Toledo, for Tom.

**LLOYD, J.**

The word default as used in relation to a judgment so taken has a well understood legal signification. A defendant to an action makes default when he fails to plead within the time allowed by law for that purpose, and although he may not plead as of right after rule day or after the expiration of any extension of time granted by the court, still a pleading so filed may not be ignored by the entry of a default judgment. As stated in Lunnon vs. Morris, 7 Cal. App., 710, our opinion is "the general rule * * * in ordinary civil actions, appears to be that, where a party pleads before default entered, though out of time or without leave, if the plea be good in form and substance, his default can not be entered while the plea stands. The proper practice in such case is to move to strike the plea from the files." The following authorities are in accord with this conclusion:

6 Ency. of Pleading & Practice, 84;

15 R. C. L., Sec. 113, p. 665;

34 C. J., Sec. 382 p. 169; 379, note 35;
Rehrer vs. Reed, 166 Cal., 525; 37 Am. & Eng. Anno. cases (1915-C), p. 737, note page 738;
Leahy vs. Wayne Circuit Judge, 144 Mich., 304;
Edenfield vs. Seal Co., 74 Mont. 509;
Gutierrez vs. Romero, et al., 24 Ariz. 382, 386.

The answer and cross petition filed by the defendant in the instant case put in issue the substantive facts alleged by plaintiff in his petition and stated in proper form an affirmative cause of action against the plaintiff, and having been filed prior to the judgment sought to be taken by default, the court of common pleas erred to the prejudice of defendant in requiring the payment of costs as a condition precedent to the vacation of the judgment.

The judgment so entered is therefore reversed and the cause remanded for further proceedings according to law.

Williams and Richards, JJ., concur.