**KLINGINSMITH et al., Appellants,**

**v.**

**FELIX et al., Appellees.**

[Cite as *Klinginsmith v. Felix* (1989), 62 Ohio App.3d 147.]

Court of Appeals of Ohio,
Summit County.

Nos. 13803, 13884.

Decided April 12, 1989.

148

*Paul G. Perantinides* and *Samuel G. Casolari, Jr.*, for appellants.

*Edward A. DiGiantonio*, for appellees.

CACIOPPO, Presiding Judge.

In March 1983, the appellant Dorothy Louise Klinginsmith was examined by appellee, Dr. James E. Felix, D.D.S. The examination revealed that Klinginsmith had a negative ridge on the lower arch of the mandible. Klinginsmith was referred to Dr. Plank, who took an impression to be used for the surgical implant. On June 24, 1983, Felix performed the implant surgery.

Klinginsmith's recovery was complicated, resulting in the removal of the implants. On March 12, 1984, Klinginsmith received $1,400 in exchange for a release of all claims for the care and treatment provided to her by Felix.

On February 11, 1988, Klinginsmith filed a complaint alleging dental malpractice against Felix. Felix filed a motion for summary judgment. In an

entry dated July 18, 1988, the court ordered that Klinginsmith file a response within ten days of the taking of Felix's deposition, but no later than August 5, 1988. On August 18, 1988, a status conference was held at which Klinginsmith did not appear. The court granted Felix's motion for summary judgment.

Klinginsmith filed her notice of appeal and a motion to vacate the judgment pursuant to Civ.R. 60(B). On October 12, 1988, the trial court overruled her motion to vacate the judgment. On November 14, 1988, Klinginsmith subsequently filed a notice of appeal from the October 12, 1988, ruling.

### Assignment of Error I

"The trial court inappropriately entered summary judgment where there is a genuine issue as to the material fact of when plaintiff knew of or had reason to know of her injuries."

Under R.C. 2305.11(B)(1) an action upon a dental claim shall be commenced within one year after the action accrued. For the purposes of determining the accrual date, the court must look to the facts of the particular case and make the following determinations: when the injured party became aware, or should have become aware of the extent and seriousness of her condition; whether the injured party was aware, or should have been aware, that such condition was related to a specific professional medical service previously rendered her; and whether such condition would put a reasonable person on notice of need for further inquiry as to the cause of such condition. *Hershberger v. Akron City Hosp.* (1987), 34 Ohio St.3d 1, 516 N.E.2d 204, paragraph one of the syllabus.

In the case *sub judice,* in the affidavit attached to the motion for summary judgment, Felix stated that on March 12, 1984, Klinginsmith expressed her belief that her injuries were caused by his care and treatment. Felix also stated that Klinginsmith agreed to accept $1,400 in exchange for a release for all claims for the care and treatment that resulted in the injuries she suffered. In Klinginsmith's response to Felix's request for admissions, she admitted executing a release and receiving $1,400 from Felix. However, she denied the validity of the release.

Klinginsmith failed to file a response to Felix's motion for summary judgment. She felt it necessary to obtain Felix's deposition before filing her response. The record shows that Klinginsmith had until August 5, 1988, to file her response. There is nothing in the record showing that she asked the court for an extension of time to file her response.

Thus, under the facts presented in this case, it is clear that on March 12, 1984, Klinginsmith knew or should have known the extent and seriousness of

her injuries and that such injuries were the result of the treatment rendered by Felix.

Therefore, the court did not err when it found that Klinginsmith's claim filed on February 11, 1988, was time barred, and granted Felix's motion for summary judgment.

The first assignment of error is overruled.

### Assignment of Error II

"The trial court erred in granting summary judgment on behalf of the defendant where the matter was not set for a hearing; the parties did not receive notification that the court would decide the matter; and where the court gave contrary indications to counsel of record in the matter."

■ Loc.R. 7.14 of the Court of Common Pleas of Summit County, General Division, states in part that " * * * At any time after fourteen (14) days from the date of filing of the motion, the judge to whom the case has been assigned may rule upon the motion. Oral argument may be requested; however, the granting of argument will be at the sole discretion of the assigned judge. * * * "

In the case at bar, the record shows that Klinginsmith did not request the court for an oral argument. In fact, Klinginsmith was provided an opportunity to request a hearing at the status call set for August 18, 1988, and Klinginsmith did not attend.

The motion for summary judgment was filed on July 6, 1988, and the court ruled upon the motion on August 22, 1988. The court complied with Loc.R. 7.14.

The second assignment of error is overruled.

### Assignment of Error III

"The trial court erred in ruling on the plaintiff's motion to vacate judgment as it was divested of jurisdiction because of plaintiff's filing of a notice of appeal."

On September 20, 1988, Klinginsmith filed a motion to vacate the judgment rendered on August 22, 1988. Also on September 20, 1988, Klinginsmith filed a notice of appeal. After the original notice of appeal was filed, on October 12, 1988, the trial court denied her motion to vacate the judgment. Klinginsmith also appeals from this decision.

■ "Where a party files a motion for relief from judgment pursuant to Civ.R. 60(B), then files a notice of appeal before the trial court has ruled on the Civ.R. 60(B) motion, the notice of appeal deprives the trial court of

jurisdiction to vacate the judgment challenged by the appeal." *Dempsey v. Chicago Title Ins. Co.* (1985), 20 Ohio App.3d 90, 20 OBR 111, 484 N.E.2d 1064, paragraph one of the syllabus. "When an appeal is pending, the trial court is divested of jurisdiction except to take action in aid of the appeal. * * * " *Majnaric v. Majnaric* (1975), 46 Ohio App.2d 157, 75 O.O.2d 250, 347 N.E.2d 552, paragraph one of the syllabus. The trial court is without power to grant relief under Civ.R. 60(B) whether the 60(B) motion is made prior to or after the appeal is taken, except with permission of the appellate court. *Majnaric, supra.*

In the case at bar, the trial court did not have jurisdiction to rule on Klinginsmith's motion. Therefore, the trial court's order of October 12, 1988 overruling appellant's Civ.R. 60(B) motion is vacated.

Klinginsmith's third assignment of error is sustained. The judgment of the trial court is affirmed and the October 12, 1988 order overruling Klinginsmith's Civ.R. 60(B) motion is vacated.

*Judgment accordingly.*

MAHONEY and BAIRD, JJ., concur.