Appellant appeals the trial court's decision granting a default judgment in appellee's favor. Although appellant failed to timely answer appellee's complaint, the record indicates appellant did "otherwise defend" the action as provided for in Civ.R. 55 (A). Therefore, the trial court abused its discretion when it granted a default judgment.
Appellee filed a complaint in the Small Claims Division of the Shaker Heights Municipal Court on April 13, 1997, seeking judgment from appellant in the amount of $2,188.30 arising from a purported loan transaction. A hearing was held before a magistrate on May 1, 1997. Appellant appeared at the hearing with her attorney and apparently participated. The magistrate awarded judgment for appellee in the amount sought, plus interest and costs. Appellant filed a motion requesting that the trial court issue findings of fact and conclusions of law in support of its decision.
Appellee filed a second complaint against appellant on May 23, 1997, also in the Small Claims Division of the Shaker Heights Municipal Court. This complaint sought a judgment in the amount of $3,000.00. Appellee filed a third action against appellant on June 20, 1997, seeking judgment in the amount of $3,000.00.
On July 2, 1997, appellant, through the attorney who had represented her at the May 1 hearing, filed a "Motion to Consolidate Cases and Transfer to General Division of Court." The trial court subsequently granted the motion and ordered that the case filed by appellee on April 13, 1997, "be heard de novo by the court at the same time as the other two cases are initially heard."[1]
The trial court issued an order on July 30, 1997, which transferred the three cases to the civil docket of the court. The order further provided: "Plaintiff shall have until August 18, 1997, to amend his complaint if he so chooses. Defendant shall file her answers to the present or amended complaints if such are filed on or before September 8, 1997."
Appellant failed to file any answers to the complaints; appellee also did not amend his complaints. On November 10, 1997, appellee's attorney filed a notice of appearance along with a motion seeking default judgment against appellant. On November 18, 1997, appellant filed a motion for a more definite statement or, in the alternative, motion for leave to enter a general denial. The trial court issued an order on November 20, 1997, denying the motions as being untimely filed. The court scheduled a hearing for December 17, 1997, to address only the amount of damages due, concluding that liability had been established by appellant's failure to respond to appellee's complaints.
Following the hearing, the court granted default judgment in favor of appellee in the amount of $8,188.30, plus interest and costs. Appellant filed a brief in the lower court, requesting that the court reconsider its decision to grant a default judgment. On February 6, 1998, the court issued a journal entry in response to appellant's brief, denying appellant's request.
Appellant thereafter filed her appeal of the trial court's decision.
Appellant's first assignment of error states:
 A DEFAULT JUDGMENT CANNOT PROPERLY OR EQUITABLY BE BASED UPON THE PROPOSITION THAT A COMPLAINT HAS GONE UNANSWERED, WHERE ANY "COMPLAINT(S)" OF RECORD HAVE BEEN ADEQUATELY DEFENDED, CONTESTED, AND/OR PLACED AT ISSUE.
The Ohio Supreme Court has recognized that it is "a basic tenet of Ohio jurisprudence that cases should be decided on their merits." Perotti v. Ferguson (1983), 7 Ohio St.3d 1, 3, citingMaritime Manufacturers, Inc. v. Hi-Skipper Marina (1982). 70 Ohio St.2d 257;DeHart v. Aetna Life Ins. Co. (1982), 69 Ohio St.2d 189,192; Zuljevic v. Midland-Ross (1980), 62 Ohio St.2d 116,119. This court is in agreement. Moreover, it has been stated:
 We are of the view that it is unreasonable for a court to make an order which impedes a defendant's ability to fully defend at trial against the allegations raised by the plaintiff. The very premise of our legal system is the proof of truth in order to justly resolve disputes. Except in cases of serious transgressions by a party which indicate a party's complete disregard for court procedures designed to produce the imminent resolution of a lawsuit, a court is generally limited to holding a party who disregards its order in contempt or imposing some other reasonable sanction. An order depriving a party of his or her day in court is too harsh a sanction for that party's failure to abide by an order of the court which merely regulates procedure prior to trial.
Reese v. Proppe (1981). 3 Ohio App.3d 103, 107. (Footnote omitted.)
Civ.R. 55 (A) provides, in pertinent part:
 When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor * * *. If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with a written notice of the application for judgment at least seven days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties.
Appellant contends that the entry of a default judgment was improper because it cannot be said that he "failed to plead or otherwise defend [.]"
The Ohio Supreme Court noted that:
 Default, under both pre-Civil Rule decisions and under Civ.R. 55(A), is a clearly defined concept. A default judgment is a judgment entered against a defendant who has failed to timely plead in response to an affirmative pleading. McCabe v. Tom (1929), 35 Ohio App. 73, 171 N.E. 868. As stated by the court in Reese v. Proppe [supra at 105], "[a] default by a defendant * * * arises only when the defendant has failed to contest the allegations raised in the complaint and it is thus proper to render a default judgment against the defendant as liability has been admitted or `confessed' by the omission of statements refuting the plaintiff's claims." * * * It is only when the party against whom a claim is sought fails to contest the opposing party's allegations by either pleading or "otherwise defend [ing]" that a default arises. This rule applies to original claims as well as to counterclaims (Civ.R. 55[C]), and is logically consistent with the general rule of pleading contained in Civ.R. 8 (D), which reads in part that "[a]verments in a pleading to which a responsive pleading is required * * * are admitted when not denied in the responsive pleading."
Ohio Valley Radiology Associates, Inc. v. Ohio Valley Hosp.Ass'n, (1986), 28 Ohio St.3d 118, 121. A trial court's decision to grant a motion for default judgment will not be reversed absent a showing of an abuse of discretion. See, e.g., Huffer v.Cicero (1995), 107 Ohio App.3d 65, 74.
In Reese, the appellant had answered the complaint but filed no further pleadings. The court held that the lower court's granting of a default judgment against her was inappropriate since her answer had sufficiently indicated that the matter was contested.
Subsequently, this court in Gibbons v. Price (1986), 33 Ohio App.3d 4, held that the filing of a motion to strike and a motion for reconsideration following the trial court's denial of the motion to strike was sufficient to constitute defending the case so that a motion for default judgment could not be granted. The court reasoned that by filing the motion to strike and then the motion for reconsideration, the appellees had sufficiently entered a plea or defended the case. Gibbons at 10. Thus, the case was not uncontested, and default judgment would be improper.
In the matter sub judice, appellant filed a motion to consolidate the three small claims cases and to transfer them to the general division of the civil docket. The motion contained an affidavit by appellant's attorney wherein he stated that some of the monies to which appellee claimed he was entitled were gifts and, additionally, some of the amounts claimed due were previously paid to appellee by appellant. Furthermore, on May 1, 1997, a trial was conducted on appellee's first filed claim. The record reflects that appellant appeared, with counsel. Thus, although the trial court denied appellant's motion for leave to enter a general denial as being untimely filed, the record reveals that appellant's filings and appearance at the May 1 hearing indicated that the complaint was contested. Appellant sufficiently appeared to "otherwise defend," so the trial court abused its discretion when it entered a default judgment against her.
As previously noted, it is preferable to determine a case on the merits. Prior to the motion for default judgment, appellee had been proceeding pro se in three separate cases that were not clearly stated on the complaint forms of the court's small claims division. Had the trial court directed the filing of an amended/consolidated complaint and an answer, the issue before us may never have arisen.
Since appellant did "otherwise defend" against appellee's claims, the trial court abused its discretion when it entered default judgment in favor of appellee. This matter is reversed and the cause remanded to the trial court for additional proceedings in compliance with this opinion.
Appellant's first assignment of error is well taken. Appellant's second assignment of error is therefore moot.
It is ordered that appellant recover of appellee her costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Shaker Heights Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES M. PORTER, A.J. and TERRENCE O'DONNELL, J. CONCUR
 ___________________________________ JUDGE KENNETH A. ROCCO
N.B. This entry is an announcement of the court's decision. See App.R. 22 (B), 22 (D) and 26 (A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22 (E) unless a motion for reconsideration with supporting brief, per App.R. 26 (A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22 (E). See, also, S.Ct.Prac.R. II, Section 2 (A) (1).
[1] Thus no Findings of Fact and Conclusions of Law were issued.