This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-defendant Freddie McNeill appeals from the denial of his Civ.R. 60(B) motion in the Lorain County Court of Common Pleas. This Court reverses.
The facts underlying this appeal need not be presented in detail. On May 12, 1995, McNeill was sentenced to death following his conviction for aggravated murder with an accompanying firearm specification and an aggravating circumstance specification. McNeill's conviction was affirmed on direct appeal to this Court in State v. McNeill (Apr. 1, 1997), Lorain App. No. 95CA006158, unreported. Following his conviction, McNeill filed a petition for postconviction relief on September 20, 1996. The trial court denied his petition on January 27, 1998. McNeill then filed a February 17, 1998 Civ.R. 60(B) motion for relief from judgment. The trial court had not ruled on this motion by February 26, 1998, and on that day McNeill filed an appeal from the January 27, 1998 denial of his postconviction petition that remains pending in this Court. On August 17, 1998, however, the trial court subsequently journalized an order denying McNeill's Civ.R. 60(B) motion. McNeill appeals, asserting two assignments of error.
Assignment of Error No. I
 THE TRIAL COURT ERRED IN RULING UPON APPELLANT'S [CIV.R.] 60(B) MOTION BECAUSE THE TRIAL COURT WAS DIVESTED OF JURISDICTION WHEN APPELLANT FILED A NOTICE OF APPEAL TO THIS COURT FROM THE DENIAL OF HIS POST-CONVICTION PETITION.
 Assignment of Error No. II
 THE TRIAL COURT ERRED IN DENYING APPELLANT'S [CIV.R.] 60(B) MOTION WHERE APPELLANT ESTABLISHED THAT THE TRIAL COURT FAILED TO REVIEW THE ENTIRE RECORD WHEN DISMISSING APPELLANT'S POST-CONVICTION PETITION.
In his first assignment of error, McNeill argues that the trial court was divested of jurisdiction to rule on his Civ.R. 60(B) motion for relief from judgment because the order from which he sought relief was on appeal. Assuming, without deciding, that Civ.R. 60(B) is available as a form of relief following the denial of a postconviction relief petition, see State v. Kelly (Dec. 30, 1998), Summit App. No. 18994, unreported, this Court holds that the trial court lacked jurisdiction to rule on McNeill's Civ.R. 60(B) motion.[1]
McNeill's motion was filed on February 17, 1998. On February 26, 1998, McNeill filed a direct appeal of the denial of his postconviction relief petition. The Supreme Court of Ohio has held that "an appeal divests trial courts of jurisdiction to consider Civ.R. 60(B) motions for relief from judgment. Jurisdiction may be conferred on the trial court only through an order by the reviewing court remanding the matter for consideration of the Civ.R. 60(B) motion." (Citations omitted.)Howard v. Catholic Social Serv. of Cuyahoga Cty., Inc. (1994),70 Ohio St.3d 141, 147. See, also, Klinginsmith v. Felix (1989),62 Ohio App.3d 147, 150-151. Because no order of remand had been entered by this Court, the trial court was without jurisdiction on August 17, 1998, to rule on McNeill's motion.
Given that McNeill's first assignment of error is well taken, this Court need not address his second assignment of error. See App. R. 12(A)(1)(c). The trial court's order is hereby reversed.
Judgment reversed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E).
Costs taxed to Appellee.
Exceptions.
 ___________________________ DONNA J. CARR
 FOR THE COURT
WHITMORE, J.
BATCHELDER, J.
CONCUR
[1] The state of Ohio urges this Court to hold that Civ.R. 60(B) cannot apply to postconviction proceedings. However, the relevant issue is whether the trial court had jurisdiction to consider the Civ.R. 60(B) motion at all, regardless of whether the motion could have been granted as a viable form of relief.