OPINION
In this consolidated appeal, appellant, Clyde Dubeansky, d.b.a. Dubeansky's Landscaping and Wholesale Supply, Inc., appeals the judgment entries of the Lake County Court of Common Pleas denying his motion for relief from judgment as moot and granting appellee's motion to dismiss.
Appellant is the owner of real property in the city of Mentor in an "M-1 District," which is classified in the Mentor Code of Ordinances as property permitted to be used for "light manufacturing." On his real property, appellant operated a wholesale nursery in 1995. As part of that business, appellant screened dirt by using a machine known as a "power screener." A power screener crushes and chops unusable soil and, in the process, removes debris from the soil, which converts the dirt into saleable topsoil.
Due to his concern that the process of screening the topsoil on his land might be in violation of the local zoning laws, appellant filed an application for a conditional use permit on May 15, 1995. The application was scheduled to be heard by the Mentor Planning Commission on June 1, 1995. However, before the matter was heard, appellant voluntarily withdrew his application on the basis that he believed that any attempt to obtain a conditional use permit would be futile and/or unnecessary.
Prior to appellee instituting legal proceedings against appellant to stop the use of the power screener on his property, appellant filed a complaint for declaratory relief on May 26, 1995. In the complaint, appellant sought an order declaring that he was entitled to conduct his business on land designated as an M-1 district without the need for a conditional use permit. In response, appellee moved to dismiss his complaint on the ground that the issue was not ripe for determination because no final decision was made concerning the permit, and because appellant failed to exhaust his administrative remedies. After a bench trial, the trial court granted judgment in favor of appellant in a judgment entry dated March 14, 1996.
In Dubeansky v. Mentor (Nov. 28, 1997), Lake App. No. 96-L-049, unreported, which was an appeal from the trial court's March 1996 judgment entry, this court reversed the decision of the lower court. In that opinion, we held that appellant was not entitled to a declaratory judgment because the trial court did not have jurisdiction to consider such motion, since the Mentor Planning Commission had not made a final ruling on whether the power screener was a permitted use in an M-1 district, and because appellant had not exhausted his administrative remedies. Accordingly, we wrote that, "the trial court is reversed and the matter [is] remanded for further proceedings consistent with this opinion." Id. at 7.
On remand, the trial court filed a judgment entry on May 13, 1998, dismissing appellant's cause of action for lack of jurisdiction, as requested in appellee's motion to dismiss. On June 12, 1998, appellant filed a notice of appeal from the May 13, 1998 judgment entry, with this court. On that same date, appellant filed a motion for relief from judgment pursuant to Civ.R. 60(B) in the trial court. In a judgment entry dated August 5, 1998, the trial court held that it was without jurisdiction to consider the motion for relief from judgment. Therefore, the trial court denied appellant's motion as being moot. A notice of appeal was filed from that decision on August 17, 1998.[1]
Appellant now asserts the following assignments of error:
 "[1.] The trial court erred in concluding that it lacked jurisdiction to consider [appellant's] motion for relief from judgment.
 "[2.] The trial court erred in granting [appellee's] untimely motion to dismiss which was filed out of rule, eight days prior to trial and without leave of court.
 "[3.] The trial court erred by denying [appellant's] motion for relief from judgment which presented the new evidence, misrepresentation and other reasons justifying relief from dismissal.
 "[4.] The trial court [erred] by failing to conduct a hearing on a motion for relief from judgment which presents mistake of fact and law, new evidence, and other factors which have resulted in unjust results."
Due to the interrelatedness of the issues presented in appellant's first, third, and fourth assignments of error, these assignments will be addressed in a consolidated fashion.
In the first assignment of error, appellant contends that the trial court's decision to deny as moot his motion for relief from judgment, on the basis that it did not have jurisdiction, was in error. Appellant states that the failure to exhaust administrative remedies is not a jurisdictional defect to a declaratory action. He further argues that the trial court's decision conflicts with: (1) the Ohio Constitution's proclamation that common pleas courts have original jurisdiction over all justiciable matters, and (2) R.C. 2721.03, which states that any person whose rights are affected by a municipal ordinance may obtain a declaration of his or her rights.
Appellant's motion for relief from judgment is governed by Civ.R. 60(B), which permits a court to relieve a party filing such motion from a final judgment or order if any of the following are established:
 "* * * (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud * * *, misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated * * *; or (5) any other reason justifying relief from judgment."
However, a trial court is divested of jurisdiction to determine a Civ.R. 60(B) motion when a party files such motion and then files a notice of appeal before the motion is ruled on by the trial court, provided that the appeal concerns the same subject matter of the prior ruling. Klinginsmith v. Felix
(1989), 62 Ohio App.3d 147, 150-151. Stated differently, "[a] trial court does not have jurisdiction to determine a motion for relief from judgment during the pendency of an appeal, and any action then taken upon a Civ.R. 60(B) motion is null and void." Reese v. Proppe (1981),3 Ohio App.3d 103, 104.
The facts in the case sub judice, show that appellant filed his motion for relief from judgment on June 12, 1998. The record further reveals that appellant filed a notice of appeal on that same date from the trial court's decision, in the same case, in which it granted appellee's motion to dismiss. Finally, the trial court did not rule on appellant's Civ.R. 60(B) motion prior to the filing of the appeal. Consequently, under the cases of Felix andProppe, the trial court's jurisdiction to consider the merits of appellant's motion for relief from judgment was frozen. Therefore, the trial court committed error in its August 5, 1998 judgment entry, by ruling that appellant's motion for relief from judgment was denied as moot. The trial court's lack of jurisdiction to rule on the motion precluded it from taking any action during the pendency of the appeal regarding appellee's motion to dismiss, unless this court would have remanded the case to the trial court to specifically rule on the Civ.R. 60(B) motion. Thus, appellant's first, third, and fourth assignments of error are well-taken.
On remand of the first, third, and fourth assignments of error, the trial court must reevaluate appellant's Civ.R. 60(B) motion for relief from judgment and determine whether there are any new matters which should be contemplated. Further, it is our view that the trial court should give some consideration to the issue of whether the newly enacted Mentor ordinance[2] prohibiting topsoil and screening operations on the site in question would make the effort of appellant to exhaust his administrative remedies futile under prevailing case law, if appropriate submissions present that issue among others.
In the second assignment of error, appellant avers that the trial court should not have granted appellee's motion to dismiss for failure of appellant to exhaust administrative remedies, because the motion was made only eight days prior to trial. Appellant also claims that the granting of appellant's motion was in error since there were facts in issue which would have entitled him to relief had he been given the chance to prove them.
Even assuming arguendo that the trial court erred in granting appellee's motion to dismiss, it was required to dismiss its ruling on appellant's action for declaratory judgment pursuant to our holding in Dubeansky, supra, unreported. In that appeal, this court reversed the trial court's decision to grant declaratory judgment in favor of appellant because the court did not have jurisdiction to consider such motion since appellant had not exhausted his administrative remedies. In our remand, we implicitly directed the trial court to dismiss appellant's action for want of jurisdiction. Therefore, the Lake County Court of Common Pleas properly entered judgment against appellant in its May 13, 1998 judgment entry under those circumstances. Thus, appellant's second assignment of error is without merit.
For the foregoing reasons, the judgment of the Lake County Court of Common Pleas is affirmed in part, reversed in part, and the case is remanded for proceedings consistent with this opinion.
NADER, J., O'NEILL, J., concur.
[1] Both appeals by appellant were consolidated on appeal.
[2] Mentor Ordinance 150.249.