JOURNAL ENTRY OPINION
Appellants Richard Davet and Ringco, Inc. appeal the trial court's entry of default judgment in favor of appellee G. Herschman Architects. Because appellant Ringco Inc. failed to plead or otherwise defend or to appear in the action, the trial court's granting of the motion for default against it is affirmed. Moreover, because appellant Richard Davet failed to raise the issue of lack of notice of the default hearing in the trial court, he has waived this issue on appeal. The trial court's judgment is affirmed.
On March 13, 1998, appellee G. Herschman Architects filed a complaint against appellants Ringco, Inc. ("Ringco") and Richard Davet ("Davet") (collectively, "appellants") arising from a judgment entered in favor of appellee against Ringco in the amount of $8,325 in the Shaker Heights Municipal Court. Ringo ceased doing business on January 1, 1993; the debt remained unpaid. Appellee alleges that just prior to the company's termination of business, it issued a check in the amount of $150,000 to Davet, a stockholder and director of Ringco. Appellee contends the transaction constituted a fraudulent transfer.
Davet, on April 20, 1998, filed a pro se motion captioned "Motion for Continuance to Hire Counsel and File Answer." The trial court granted Davet's motion, permitting him until May 26, 1998 to obtain counsel and file an answer to appellee's complaint.
On May 22, 1998, Davet filed a second motion for a continuance to file an answer on the basis that he had filed a motion to vacate the judgment entered in the Shaker Heights Municipal Court. The motion in the municipal court, however, had been denied on May 18, 1998.
On May 28, 1998, appellee filed a motion for default pursuant to Civ.R. 55. The motion for default contained the following statement regarding service:
 Due to the Defendant's (sic) failure to enter an appearance in this matter, service need not be perfected, pursuant to Rule 5(A) of the Ohio Rules of Civil Procedure.
Thereafter, on July 24, 1998, Davet filed a motion to dismiss the complaint, alleging appellee's complaint was time-barred. Davet also filed a motion to continue the Case Management Conference that had been set by the trial court for August 3, 1998 until after the court had ruled on his motion to dismiss.
On August 3, 1998, both appellee and Davet appeared for the Case Management Conference. At the conclusion of the conference, the trial judge informed the parties that he would then conduct a hearing in open court on appellee's motion for default and appellants' motion to dismiss. However, Davet failed to appear in the courtroom "after being instructed to do so by court." The court found, upon the evidence presented by appellee, that the transfer to Davet was fraudulent and entered judgment in favor of appellee against Davet and Ringco, jointly and severally, in the amount of $8,325.00.
On August 13, 1998, the trial court issued a judgment entry granting appellee's motion for default and denying Davet's motion to dismiss. The entry included the following:
 For the record, the court states a pre-motion conference was held with the court prior to this hearing wherein certain evidence was presented. Both parties were specifically instructed to remain in the courtroom in order to be heard on the parties' motions. Upon entry to the courtroom, this court found the Defendants had vacated the courtroom and were not to be found anywhere on the floor or in the other three courtrooms found on the floor.
Davet subsequently filed a motion for relief from judgment pursuant to Civ.R. 60(B); the trial court denied Davet's motion on September 11, 1998.
On September 4, 1998, Davet filed an appeal of both the August 3 and the August 13 orders. These appeals were assigned Case Nos. 75174 and 75175, respectively. On October 2, 1998, Davet filed an appeal of the trial court's decision denying his motion for relief from judgment. This appeal was assigned Case No. 75321. These three appeals have been consolidated for our consideration.
Appellants' third assignment of error will be considered first. It states:
 THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT DUE TO THE FACT THAT THE TRIAL COURT DID NOT HAVE JURISDICTION TO RULE ON SAID MOTION FOR RELIEF FROM JUDGMENT ON SEPTEMBER 14, 1998 DUE TO THE NOTICE OF APPEAL WHICH WAS FILED ON SEPTEMBER 4, 1998 WHICH DIVESTED THE TRIAL COURT OF ITS JURISDICTION.
It is well settled that "[w]hen a case has been appealed, the trial court retains all jurisdiction not inconsistent with the court of appeals' jurisdiction to reverse, modify, or affirm the judgment." Jamestown Village Condo. Owners Assn. v. Market MediaResearch, Inc. (1994), 96 Ohio App.3d 678, 693 quoting Yee v.Erie Cty. Sheriff's Dept. (1990), 51 Ohio St.3d 43, 44. The Ohio Supreme Court has expressly held that an appeal divests the trial court of jurisdiction to consider a motion for relief from judgment brought pursuant to Civ.R. 60(B) absent an order by the reviewing court remanding the matter for consideration of the motion. Howard v. Catholic Social Serv. of Cuyahoga Cty., Inc.
(1994), 70 Ohio St.3d 141, 147 citing State ex rel. East Mfg.Corp. V. Ohio Civ. Rights Comm. (1992) 63 Ohio St.3d 179;Klinginsmith v. Felix (1989), 62 Ohio App.3d 147; Majnaric v.Majnaric (1975), 46 Ohio App.2d 157.
The trial court did not rule on appellants' motion to vacate until after appellants had filed a direct appeal of the court's judgment. It is clear from this court's docket that no order was issued from this court conferring jurisdiction upon the trial court to rule upon the motion to vacate.
The trial court lacked jurisdiction to rule on appellants' motion to vacate; any action taken on the Civ.R. 60(B) motion is null and void. See Reese v. Proppe (1981), 3 Ohio App.3d 103, 104
citing Vavrina v. Greczanik (1974), 40 Ohio App.2d 129. This court, therefore, also lacks jurisdiction as no appeal can be taken from a void judgment. Reese at 104.
Appellants' appeal of Case No. 75321 is dismissed.
Appellants' remaining assignments of error are as follows:
 I. THE TRIAL COURT ERRED IN GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT DUE TO THE FACT THAT DEFENDANTS WERE NOT SERVED WITH WRITTEN NOTICE OF THE APPLICATION FOR DEFAULT JUDGMENT PRIOR TO THE COURT CONDUCTION A HEARING ON THE MOTION FOR DEFAULT JUDGMENT.
 II. THE TRIAL COURT ERRED IN ENTERING A DEFAULT JUDGMENT AGAINST DEFENDANT DUE TO THE FACT THAT THE DEFENDANT HAD ENTERED AN APPEARANCE IN THE CASE AND DID PLEAD OR OTHERWISE DEFEND IN THE PENDING CASE.
Appellants maintain that they did not receive the requisite notice prior to the hearing and furthermore allege that they "did plead or otherwise defend" so that the entry of default judgment was improper.
A trial court's decision to grant a motion for default judgment will not be reversed absent an abuse of discretion. See e.g.,Huffer v. Cicero (1995), 107 Ohio App.3d 65, 74. Civ.R. 55(A) provides:
 When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor; but no judgment by default shall be entered against a minor or an incompetent person unless represented in the action by a guardian or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties.
Thus, under the rule, when a party defending a claim has "failed to plead or otherwise defend," the court may, upon motion, enter a default judgment on behalf of the party asserting the claim. A default judgment may be entered without the requisite seven days' notice only where the defending party has failed to appear in the action. Ohio Valley Radiology Associates, Inc. v. Ohio ValleyHosp. Ass'n. (1986), 28 Ohio St.3d 118, 120.
The Ohio Radiology court remarked that default is a "clearly defined concept."
 A default judgment is a judgment entered against a defendant who has failed to timely plead in response to an affirmative pleading. McCabe v. Tom (1929), 35 Ohio App. 73, 171 N.E.2d 868. As stated by the court in Reese v. Proppe (1981), 3 Ohio App.3d 103, 105, 443 N.E.2d 992 "[a] default by a defendant * * * arises only when the defendant has failed to contest the allegations raised in the complaint and it is thus proper to render a default judgment against the defendant as liability has been admitted or `confessed' by the omission of statements refuting the plaintiff's claims. * * *" It is only when the party against whom a claim is sought fails to contest the opposing party's allegations by either pleading or "otherwise defend[ing]" that a default arises. This rule * * * is logically consistent with the general rule of pleading contained in Civ.R. 8(D), which reads in part that "[a]verments in a pleading to which a responsive pleading is required * * * are admitted when not denied in the responsive pleading."
Id. at 121 (emphasis added.)
The first issue to be addressed is the propriety of the judgment entered against Ringco. It is well settled that pursuant to R.C. 4705.01, a corporation does not have the right to appear in propria persona by an agent who is not an attorney. Union Sav.Ass'n v. Home Owners Aid, Inc. (1970), 23 Ohio St.2d 60, at the syllabus. Since Davet could not have filed any pleadings on behalf of Ringco, Ringco neither appeared nor pled or otherwise defended in this action. Default judgment was thus properly entered against Ringco.
The next and more significant issue is whether the default judgment entered against Davet was proper. The record indicates that Davet timely filed a motion for an extension of time to answer appellee's complaint on April 20, 1998. The trial court granted the motion, allowing Davet until May 26, 1998 to file his answer.[1]
Davet did not file his motion to dismiss until July 24, 1998, two months after the date set by the trial court for a responsive pleading and two months after appellee had filed his motion for default.[2] Furthermore, Davet did not file a motion as required by Civ.R. 6(B)(2) prior to the filing of his motion.[3]
On the facts of the matter sub judice, Davet "failed to timely plead in response to an affirmative pleading." See Ohio Radiology
citing McCabe, supra.[4]
Moreover, although Davet also contends that he did not have sufficient notice when the trial court conducted the default hearing, the record makes evident that Davet has waived his right to raise the issue of notice on appeal because he failed to raise the issue in the trial court.
At the Case Management Conference, the trial judge expressly informed the parties that he planned to deal with Davet's outstanding motion to dismiss and appellee's outstanding motion for default following a short break. Rather than inform the trial judge of the notice deficiencies regarding appellee's motion for default, Davet simply absconded from the courthouse, flagrantly violating the court's order.
It is well settled that failure to raise an issue in the trial court waives a litigant's right to raise that issue on appeal. See e.g. Shover v. Cordis Corp. (1991), 61 Ohio St.3d 213, 220, overruled on other grounds in Collins v. Sotka (1998). 81 Ohio St.3d 506. Any errors in procedure regarding the default motion entered against Davet are waived because he absconded from the default hearing rather than remaining in the courtroom and objecting at the commencement of the hearing.
Appellants' appeal is overruled. The trial court's entry of default judgment is affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JOHN T PATTON, P.J. and ANNE L. KILBANE, J. CONCUR.
 __________________ JUDGE KENNETH A. ROCCO
[1] Appellant had filed an additional motion for an extension of time on which the court had failed to rule. It will therefore be presumed that the court overruled the motion. See e.g., Univ.Mednet v. Blue Cross Blue Shield of Ohio, (1997),126 Ohio App.3d 219.
[2] Although appellees contend that the motion should be considered as a motion for summary judgment rather than a motion to dismiss because it contained matters outside of the pleadings pursuant to Civ.R. 12, "a court cannot convert a motion to dismiss into one for summary judgment without notice to the opposing party." Musa v. Gillett Communications, Inc. (1997).119 Ohio App.3d 673, 680. There was no such notice given by the court.
[3] Civ.R. 6(B)(2) provides that an extension of time may be granted by the court "upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect * * *."
[4] Davet, as a pro se litigant is held to the-same standard as all other litigants. Kilroy v. B.H. Lakeshore Co. (1996),111 Ohio App.3d 357, 363.