DECISION AND JOURNAL ENTRY
Appellant-defendant Ginger A. Manning appeals from a decision in the Lorain County Court of Common Pleas that denied her Civ.R. 60(B) motion for relief from judgment. This Court affirms.
On July 2, 1990, Manning was convicted of murdering her husband in violation of R.C. 2903.02(A), with an accompanying firearm specification pursuant to R.C. 2929.71. The trial court sentenced her to fifteen years to life, consecutive to three years actual incarceration for the firearm specification. Manning timely appealed to this Court, which upheld the judgment of the lower court in State v. Manning (1991), 74 Ohio App.3d 19, motion for leave to appeal overruled (1991), 62 Ohio St.3d 1434.[1]
Thereafter, on September 20, 1996, Manning filed a postconviction relief petition pursuant to R.C. 2953.21. The trial court denied this petition on August 26, 1997, and Manning again appealed to this Court. State v. Manning (Feb. 3, 1999), Lorain App. No. 97CA006921, unreported, appeal dismissed (1999),86 Ohio St.3d 1402. While this second appeal was pending, Manning moved this Court for a stay and remand so that the trial court could consider a Civ.R. 60(B) motion. This Court granted the motion for remand, and on March 9, 1998, Manning filed a Civ.R. 60(B) motion in the trial court. That court denied the motion in an entry journalized on August 14, 1998. Subsequently, this Court upheld the denial of Manning's postconviction relief petition.Id.
Manning timely appeals from the August 14, 1998 denial of her Civ.R. 60(B) motion, asserting two assignments of error.
 Assignment of Error No. I THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED MS. MANNING'S MOTION FOR RELIEF FROM JUDGMENT WITHOUT A HEARING. THE COURT THEREBY VIOLATED MANNING'S RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL AND TO DUE PROCESS UNDER THE OHIO AND UNITED STATES CONSTITUTIONS BY FAILING TO REVIEW THE SUBSTANTIVE CLAIMS PRESENTED IN MANNING'S POSTCONVICTION PETITION. (TR. P. 500-60.)
 Assignment of Error No. II THE TRIAL COURT DENIED MS. MANNING HER RIGHTS TO DUE PROCESS AND A FAIR TRIAL, AS GUARANTEED BY THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE, SECTION SIXTEEN OF THE OHIO CONSTITUTION, BY DISPOSING OF THE MOTION FOR RELIEF FROM JUDGMENT WITHOUT ADDRESSING HER SECOND CLAIM FOR RELIEF. (TR. P. 720-87, 793[.])
 In both of her assignments of error, Manning argues that the trial court incorrectly denied her Civ.R. 60(B) motion for relief from judgment. Assuming, without deciding, that Civ.R. 60(B) is available as a form of relief following the denial of a postconviction relief petition, see State v. Kelly (Dec. 30, 1998), Summit App. No. 18994, unreported, this Court holds that the trial court lacked jurisdiction to rule on Manning's Civ.R. 60(B) motion.[2]
Manning had filed a direct appeal of the denial of her postconviction relief petition on September 25, 1997. She then filed her Civ.R. 60(B) motion on March 9, 1998, noting in the brief accompanying that motion that the trial court "does not have jurisdiction to rule on the instant motion until the Ninth District Court of Appeals remands the matter to this court for resolution of this motion" and asking that the trial court hold its ruling in abeyance until such a remand had been granted. Thereafter, on April 27, 1998, Manning filed a notice of remand in the trial court, which included a copy of an April 1, 1998 entry issued by this Court that stayed the postconviction appeal and remanded the matter "for a period not to exceed twenty days." Subsequent orders by this Court extended the remand on May 4 and June 16, 1998. This latter order extended the remand "for a period not to exceed thirty days." No other extension was requested or granted.
The Supreme Court of Ohio has held that "an appeal divests trial courts of jurisdiction to consider Civ.R. 60(B) motions for relief from judgment. Jurisdiction may be conferred on the trial court only through an order by the reviewing court remanding the matter for consideration of the Civ.R. 60(B) motion." (Citations omitted.) Howard v. Catholic Social Serv. of Cuyahoga Cty., Inc. (1994) 70 Ohio St.3d 141, 147. See, also, Klinginsmith v. Felix
(1989), 62 Ohio App.3d 147, 150-151. Although this Court had remanded the matter for consideration of Manning's Civ.R. 60(B) motion, the order of remand had expired on July 16, 1998, prior to the trial court's August 14, 1998 ruling. Therefore, the trial court had been divested of jurisdiction to rule on Manning's Civ.R. 60(B) motion. See State v. McNeill (Sept. 22, 1999), Lorain App. No. 98CA007213, unreported. The denial of Manning's postconviction relief petition remains undisturbed.
Accordingly, the trial court's August 14, 1998 order is hereby vacated.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ____________________________ DONNA J. CARR
WHITMORE, J., BATCHELDER, J., CONCUR.
[1] For a fuller account of the facts underlying her conviction, see State v. Manning, 74 Ohio App.3d at 23.
[2] The state of Ohio urges this Court to hold that Civ.R. 60(B) cannot apply to postconviction proceedings. However, the relevant issue is whether the trial court had jurisdiction to consider the Civ.R. 60(B) motion at all, regardless of whether the motion could have been granted as a viable form of relief.