[Cite as *State v. Wallace*, 2025-Ohio-2419.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio/Bowling Green State
University

     Appellee

v.

Rachael L. Wallace

     Appellant

Court of Appeals No. L-24-1223

Trial Court No. CVF2400446

**DECISION AND JUDGMENT**

Decided: July 8, 2025

\* \* \* \* \*

Thomas L. Sooy, attorney for appellants.

\* \* \* \* \*

**DUHART, J.**

{¶ 1} Appellants, State of Ohio and Bowling Green State University (collectively, "the State"), appeal from a default judgment entered by the Municipal Court of Sylvania, Lucas County, Ohio.  For the reasons that follow, we reverse the trial court's judgment and remand the matter to the trial court for a hearing on the issue of damages.

**Statement of the Case**

{¶ 2} The State filed a complaint in this case based on an account that Bowling Green State University ("BG") had placed with the Ohio Attorney General's Office for collection. In the complaint, the State requested judgment in the amount of $8,039.53, with $5,307.83 representing the principal amount due, $683.07 representing the amount of interest due as of March 18, 2024, and $2,048.63 representing the State of Ohio Attorney General's collection costs.

{¶ 3} Service of the complaint was perfected via certified mail on April 3, 2024. Appellee, Rachel Wallace, did not respond to the complaint or otherwise appear in the action.

{¶ 4} On August 7, 2024, the State filed a motion for default judgment in which it requested judgment in the amount of $8,039.53, plus interest at the statutory rate from March 18, 2024. On the same day, the State filed an affidavit by Brian Metzbower, an external collections supervisor at the Ohio Attorney General's Office. In the affidavit, Metzbower confirmed the amounts due and owing as set forth in the State's complaint. He did not, however, attach any statements or invoices detailing or otherwise supporting the alleged collection costs.

{¶ 5} On August 8, 2024, the municipal court summarily granted default judgment to the State in the amount of $5,307.83 but denied the State's request for collection costs and interest. The State timely appealed the trial court's decision as to the statutory interest and collection costs.

2.

## Statement of the Facts

{¶ 6} Many of the facts are not supported by the record but have been gleaned from the State's brief. According to the State, Wallace incurred the debt in this action during her enrollment at BG for the 2019-2020 academic year, when she received federal financial aid to fund her enrollment but then did not earn the credits associated with the courses in which she was enrolled. As a result of this failure, BG was required to return the unearned financial aid to the federal government, which resulted in an out-of-pocket loss to BG.

{¶ 7} BG attempted and failed to collect the balance that was due on Wallace's account. Thereafter, BG certified the account to the Ohio Attorney General's office for collection, as required by R.C. 131.02. When the attorney general's collection efforts did not result in a resolution, the underlying action was commenced.

## Assignment of Error

{¶ 8} On appeal, the State asserts the following assignment of error:

> I.    The municipal court erred in denying the State's
>       motion for default judgment as to its request for
>       statutory interest and collection costs in accordance
>       with R.C. 131.02 and R.C. 109.08.

## Law and Analysis

{¶ 9} In its sole assignment of error, the State contends that the trial court erred in denying its request for statutory interest and collection costs.

{¶ 10} Civ.R. 55(A), which governs default judgments, provides in relevant part:

3.

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefore….

{¶ 11} In *Ohio Valley Radiology Assoc., Inc. v. Ohio Valley Hosp. Assn.*, 28 Ohio St.3d 118, 121 (1986), the Supreme Court of Ohio explained:

A default judgment is a judgment entered against a defendant who has failed to timely plead in response to an affirmative pleading. *McCabe v. Tom*, 35 Ohio App. 73 (1929). As stated by the court in *Reese v. Proppe*, 3 Ohio App.3d 103, 105 (8th Dist. 1981), '[a] default by a defendant…arises only when the defendant has failed to contest the allegations raised in the complaint and it is thus proper to render a default judgment against the defendant as liability has been admitted or "confessed" by the omission of statements refuting the plaintiff's claims. …" It is only when the party against whom a claim is sought fails to contest the opposing party's allegations by either pleading or 'otherwise defend[ing]' that a default arises. This rule…is logically consistent with the general rule of pleading contained in Civ.R. 8(D), which reads in part that '[a]verments in a pleading to which a responsive pleading is required…are admitted when not denied in the responsive pleading.'

Thus, in failing to file an answer or otherwise defend itself in the proceeding below, Wallace admitted to the allegations in the complaint.

{¶ 12} "The decision of whether or not to hold a hearing or require additional evidence on the issue of damages following the granting of a default judgment is a matter left to the sound discretion of the trial court." *Erie Materials, Inc. v. Vermilion Paving Corp.*, 2012-Ohio-4631, ¶ 13 (6th Dist.), citing *Buckeye Supply Co. v. Northeast Drilling*

4.

*Co.*, 24 Ohio App.3d 134, 136 (9th Dist. 1985). Relevant to the issue of damages in this case are R.C. 131.02(A) and (D) and R.C. 109.08.

{¶ 13} R.C. 131.02(A), which governs the assessment of collection costs on certified accounts, states that "the attorney general may assess the collection cost to the amount certified in such manner and amount as prescribed by the attorney general." R.C. 109.08, which governs that attorney general's appointment of special counsel to represent and collect the State's claims, states that "in addition to the amount certified, the amounts paid to special counsel may be assessed as collection costs consistent with section 131.02 of the Revised Code *and shall be fully recovered from the party indebted.*" (Emphasis added.) Finally, R.C. 131.02(D), which governs the assessment of interest on certified accounts, states that "each claim *shall* bear interest, from the day on which the claim became due, at the rate per annum required by section 5703.47 of the Revised Code. (Emphasis added.)

{¶ 14} Therefore, when an account is certified to the Attorney General's Office, collection costs are properly assessed pursuant to R.C. 131.02(A), special counsel's collection costs are properly assessed *and collected* from the indebted party pursuant to R.C. 109.08, and interest is properly assessed *and collected* pursuant to R.C. 131.02 (D).

{¶ 15} Here, the trial court denied the assessment of collection costs and interest without holding a hearing and without providing any explanation for the denial. Upon a review of the record, we find that this was an abuse of discretion on the part of the trial court. Accordingly, the State's assignment of error is found well-taken, and the matter

5.

will be remanded to the trial court for the purpose of conducting a hearing on the issue of damages.

**Conclusion**

{¶ 16} The judgment of the Municipal Court of Sylvania, Lucas County, Ohio is reversed, and the matter is remanded to the trial court for a hearing on the issue of damages. Appellee is ordered to pay the costs of appeal pursuant to App.R. 24.

Judgment reversed and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See, also,* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

JUDGE

Christine E. Mayle, J.

JUDGE

Myron C. Duhart, J.
CONCUR.

JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.